## ERNEST GREENFIELD AND PHILIP STRAUSS *Respondents, v.* H. WALLACE, *Appellant.*

CORRECTING THE NAME OF A PLAINTIFF.—Plaintiffs moved in the Court below to strike out the name of "Greenwood" and insert the name of "Greenfield" in the complaint. *Held,* That the Court below may permit the complaint to be amended by the substitution of the true name of Plaintiff.

*Held Further*—That such amendment was merely the correction of a clerical error, and not the addition of a new party Plaintiff. (1 Cal. 192; 1 Cal. 412; 9 Cal. 56; 13 Cal. 558; 1 Cal. 192; 1 Cal. 175).

A MOTION PENDING, DOES NOT OF ITSELF PREVENT DEFAULT.—The pending of a motion of Defendant to set aside "the amended complaint," does not prevent Plaintiff from taking judgment by default, for failure to file answer   The Defendant should in such a case obtain a stay of proceedings, if he desires to prevent default.

APPEAL from the Third District Court.

The facts are stated in the opinion of the Court.

*Stout & Burmester*, for Appellant.

*Marshall & Royle,* for Respondents.

BOREMAN, J., delivered the opinion of the Court.

This suit was instituted in the name of Green*wood* and Strauss, instead of Green*field* and Strauss.   The summons was duly served and the Defendant appeared and filed a demurrer to the complaint, which was by the Court overruled.   The defendant then filed his answer denying the indebtedness ; and upon the same day the Plaintiffs (the Respondents on the appeal), asked of the Court leave to amend their complaint by correcting the name of one of the Plaintiffs, making it Green*field* instead of Green*wood*.   The Court allowed the amendment, and gave the Defendant leave to amend answer within ten days thereafter.   The Defendant afterwards, and before the ten days had expired, came into the Court below for the purpose of making a motion, "and for no other purpose," and filed his motion asking the Court "to set aside the amended complaint on the ground that the same does not correspond with the summons in this : That the summons in this action is in the name of Green*wood* and Strauss as Plaintiffs."

On the day following next after the filing of the motion, the ten days allowed the Defendant in which to answer having expired, and no amended answer having been filed, judgment was entered in favor of the Plaintiffs for the sum claimed, without any disposition whatever

having been made of Defendant's said motion. From this judgment of the District Court thus made, the Defendant appeals to this Court.

The amendment of the complaint in the manner referred to, in respect to the name of one of the Plaintiffs, was no abuse of the discretion of the Court. It was allowed upon terms, and ample time · was given to the Defendant in which to amend his answer. He did not complain of the shortness of time, nor did he ask for longer time. The error in the name was evidently a clerical one, and we are unable to see wherein the Defendant could have been harmed by the correction made.

The Appellant seems to think that the complaint could not be amended without amendment of summons. This is wholly useless. By his appearance the Defendant waived the summons (§ 22 of Practice Act).

It is further claimed by the Appellant, that notwithstanding the Defendant filed no amended answer, yet no judgment should have been taken whilst the motion to set aside the amended complaint remained undisposed of. The leave given was to file an answer. The motion is in no sense an answer; and as no stay of proceedings was had, or asked, and the ten days having expired, the Plaintiffs were entitled to their judgment. We therefore find no error in the action of the Court below.

The judgment is affirmed.

McKEAN, C. J., concurred.

EMERSON, J.: In concurring in this opinion I desire to add this: It was argued by the Appellant, that by the amendment a new Plaintiff, that is a new firm, was introduced into the case. Such was not the effect of the amendment. Its object and effect was simply to correct a clerical error in the name of one of the Plaintiffs. Such a mistake may be corrected by amendment. No new parties are brought into Court. There can be no question about the power of the Court ᵥto allow the amendment where it only seeks to correct a name, and not to add new parties. Under the 68th Section of the

Practice Act, the Court was not only authorized, but required to allow the amendment.