JOSEPH ANDERSON, et al., v. JEROME BEEBE.

1. ARBITRATION; *Statute Construed.* Whenever the subject-matter of any controversy is within the jurisdiction of the district court, such controversy may be the subject of arbitration under ch. 102, Laws 1876, (Dassler's Comp. Laws, p. 97,) and the submission thereto made a rule of that court.

2. JURISDICTION; *Presumption.* The district court being the court of general original jurisdiction, a submission of *all controversies* between certain parties is, *prima facie*, of matters within the jurisdiction of that court; and unless it appears from the award or the testimony that the arbitrators considered and determined matters outside the jurisdiction of that court, no objection lies on account of the general terms in which the matters to be arbitrated are stated.

3. ACCOUNT *between Surviving Partner and the Firm, etc.* For the settlement of *all controversies* between a surviving partner and the representatives and heirs of the deceased partner, it is necessary to state the account between the surviving partner and the firm, as well as between the deceased partner and the firm.

4. ———— *Practice.* Where arbitration is had under said ch. 102, Laws of 1876, the award filed with the clerk of the court, and a copy thereof served by the successful upon the defeated party at least ten days before the term of the court, judgment will go as a matter of course upon the award at such term, without any written motion therefor, or any special notice of an application for judgment, unless sufficient legal objections thereto are made by the defeated party.

5. JUDGMENT, *When Not Vacated.* A judgment will not be vacated upon petition, upon a mere showing of sufficient excuse for the non-appearance of the party against whom the judgment was rendered, and without a showing of a valid defense to the cause of action.

*Error from Ellsworth District Court.*

ARBITRATION between *Jerome Beebe* and *Joseph Anderson* and *Ellen Anderson*, his wife, which embraced matters in difference between *Beebe* as an individual and as surviving partner of the firm of Beebe & Anderson, of the one part, and said *Joseph* and *Ellen Anderson*, as individuals, and *Joseph Anderson*, as administrator of the estates of William N. and Thomas Anderson, deceased, of the other part. In June 1877, the arbitrators made their award, and at the ensuing

September Term of the district court, judgment was entered thereon in favor of *Beebe* for $5,972.27, from which judgment *Joseph* and *Ellen Anderson* have appealed to this court. Other facts are stated in the opinion.

*T. F. Garver*, for plaintiffs in error.

The opinion of the court was delivered by

BREWER, J.: These are proceedings to reverse a judgment of the Ellsworth county district court upon an award of arbitrators. Joseph Anderson was the father and administrator of the estates of William N. and Thomas Anderson. Jerome Beebe was the surviving partner of the firm composed of said Bebee and William N. Anderson, and as such surviving partner, gave bond as required by the statute, and on December 12, 1874, took possession of the goods, etc., for the purpose of settling the partnership estate. In January, 1877, an agreement to submit to arbitration was entered into between Jerome Beebe and Joseph Anderson, and Ellen Anderson, his wife, which embraced matters in difference between Jerome Bebee as an individual, and as surviving partner of the firm of Bebee & Anderson, of the one part, and Joseph Anderson and Ellen Anderson as individuals, and Joseph Anderson as administrator of the estates of Wm. N. and Thomas Anderson, deceased, of the other part. Such submission was to be made a rule of the Ellsworth county district court.

On June 16, 1877, the arbitrators made their award, and at the ensuing September term of the district court, judgment was entered thereon. The award, together with the agreement of submission and bond, were filed in the clerk's office of that court on June 16, 1877, and a copy of the award furnished to plaintiffs in error more than ten days before the commencement of the term. Upon the last day of the term, the matter was called up by counsel for Beebe, the objections of plaintiffs in error presented, examined and overruled, and the award confirmed, and judgment entered thereon. This

49 — 22 KAS.

was done without any written motion, and without any special notice to the plaintiffs in error of the time of the application. To reverse this judgment case No. 1,555 has been instituted. Subsequently, and after the adjournment of the September term, a petition was filed in that court to have this judgment vacated and set aside, which petition was supported by testimony. Upon the hearing of this, judgment was rendered in favor of the defendant, and to review this judgment the second case (that of No.1,556) was commenced in this court. The two cases will be considered together, as the principal questions are common to both.

The first proposition of counsel is, that the matter of controversy was not a subject of arbitration under the statute, it being matter arising in the settlement of the estates of deceased parties. Such matters, it is said, can only be adjudicated in the probate court, and the administrator and surviving partner cannot by arbitration oust that court of jurisdiction, and submit the dispute to another tribunal. Some authorities are cited from the states of Illinois, Massachusetts and Vermont, which under their statutes seem to support this claim. But we cannot think it sustainable under our laws. This arbitration was had under ch. 102, Laws 1876. (Dassler's Comp. Laws, p. 97.) And the first section is broad, and provides, "that all persons who shall have any controversy or controversies" may arbitrate them, and may make the "submission a rule of any court of record in this state." It may be that this does not enlarge the jurisdiction of any court, and that parties cannot, by making the submission of their controversies a rule of a court, invest that court with power to pronounce and enforce judgments in matters outside the scope of its jurisdiction. The damages to be given to a land-owner by a railroad corporation on condemnation of its right of way, may not be placed in judgment in the probate court by making the submission to arbitrators a rule of that court, for that court has no jurisdiction of such controversies. But where the subject-matter of any controversy is within the jurisdiction of a court, a submission

thereof to arbitrators may be made a rule of that court, and judgment be afterward entered therein upon the award. Now the district court is the court of general original jurisdiction, and has general original jurisdiction of all matters, both civil and criminal, where not otherwise provided by law. If a controversy exists, *prima facie,* the district court has jurisdiction of it. Controversies between a surviving partner and the administrator and heirs of the deceased partner, perhaps not all, but certainly some and probably most, are cognizable in that court. (*Shoemaker v. Brown,* 10 Kas. 383.)

Now the submission here does not state the nature and extent of the controversies, but it is general, and purports to submit all matters in dispute. *Prima facie* then it was properly made a rule of the district court. And unless it should appear from the award or the testimony that the arbitrators considered and determined matters outside the jurisdiction of the court, no objection can be sustained on account of the generality of the terms in which the matters to be arbitrated were described.

A second objection is that the arbitrators exceeded their powers, and attempted to settle and determine matters not referred to them. The point is this, that they determined the state of accounts between Beebe and the late firm of Beebe & Anderson, or as counsel state it, "they arbitrated between Beebe and Beebe as surviving partner." But how was it possible to state fully the account between the surviving partner and the representatives and heirs of the deceased partner, without stating the account between the survivor and the firm? It seems to us that such statement was preliminary, and essential to a determination of the account between the antagonistic interests of the survivor on the one side, and the representatives and heirs of the deceased on the other. The amount due from one party to the other on a winding up of the partnership affairs, depends partially on the account between each partner and the firm. And all controversies between the interests of the partners were submitted to the arbitrators. Hence, there was no error in stating the account between each partner and the firm.

A third objection is, that no written motion for judgment on the award was filed, and no notice given of the time of presenting the application for judgment. Counsel criticise the act under which these proceedings were had as crude, and as not fully prescribing the methods of procedure. We cannot think, whatever it may lack, that it is so deficient as to be invalid. It provides for filing the award with the clerk of the court, service of a copy ten days before the term on the opposite party, and that, if no legal exceptions are made thereto, judgment shall be entered at such term thereon. In this case the requisite filing and service were made and shown. In such case the award stands as the verdict of a jury, and no formal written motion and notice are prerequisite to the entry of a judgment. If the defeated party has objections, he must file them as he would file a motion for a new trial after verdict. If none are filed, the judgment goes as of course. Here, the party in whose favor the award was, waited until the evening of the last day, and then, no objection having been filed, asked for judgment. Notice was then given informally to a gentleman employed to represent the counsel of defendants, and he filed the prepared objections. But we see nothing in those objections requiring notice further than we have already considered them in this opinion, and therefore judgment, as we think, was properly entered on the award.

So far as new matter appears in the second case, it is in excuse of the non-appearance of counsel of plaintiffs in error at the time of the judgment, as to the lack of notice of any motion, or the filing of any written motion. No new objection is shown to the validity of the award as it was made. But a judgment will not be vacated upon petition, unless it is shown that there is a defense to the cause of action. (Dass. Comp. Laws, § 572, p. 680.) Hence there was no error in refusing to vacate the judgment.

The judgment in both cases will be affirmed.

All the Justices concurring.