[No. 11270.    Department Two. — May 23, 1888.]

## MAGGIE G. McDONALD, Respondent, v. DANIEL SWETT, Appellant.

PRACTICE — WANT OF PROSECUTION — DELAY IN SERVING SUMMONS — DISCRETION. — The refusal to dismiss an action for want of prosecution, on the ground that the plaintiff had neglected to serve the summons for a period of twenty-one months after its issuance, is not an abuse of discretion.

ID. — MOTION TO DISMISS — EXTENSION OF TIME TO ANSWER. — A motion by the defendant to dismiss the action does not extend the time to answer; and a refusal to set aside a default entered pending such a motion is not an abuse of discretion.

LXXVI. CAL.—17

Id. — Amendment of Name of Defendant — Default. — Where a defend-
ant whose true name is "Swett" is sued by the name of "Sweet," it is
not error, after the entry of his default, to allow the complaint to be
amended by inserting his true name, and thereupon to enter judgment
against him.
Id. — Appeal — Judgment by Default. — On an appeal from a judgment
by default not taken within sixty days after its entry, nothing can be
reviewed except what appears on the judgment roll.

Appeal from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*E. A. & G. E. Lawrence,* for Appellant.

*J. E. McElrath,* for Respondent.

Sharpstein, J. — This is an appeal from the final judgment entered against Daniel Swett, the appellant. The facts are as follows: —

Plaintiff filed her complaint to quiet title to certain property in Oakland against Walter S. Hobbs, Daniel Sweet, John Doe, and Richard Roe, on the 4th of September, 1882, and on the same day summons issued, and on the twenty-first day of July, 1884, they were served on Daniel Swett.

On the 13th of August, 1884, appellant served a notice of motion to dismiss the action as to him for want of prosecution for the 19th. At plaintiff's attorney's request the motion was continued by stipulation until the 28th of August, 1884. On the twenty-third day of August, 1884, plaintiff's attorney had the clerk enter the default of Daniel Swett. On the twenty-eighth day of August, 1884, appellant's motion to dismiss the action as to him was heard and denied, and appellant excepted; a stay of ten days was granted. And on the twenty-eighth day of August, 1884, appellant served a notice of motion for September 3, 1884, to vacate the default entered against him, the same was heard on the 3d of September, and denied, and an exception was taken.

Plaintiff's counsel then asked the court to amend the complaint by changing the name of Daniel Sweet into Daniel Swett, and to enter judgment against Daniel Swett; appellant's attorneys objected; the court granted the motion and appellant excepted. Appellant prepared bills of exceptions to the several matters, and they were duly certified and filed.

1. We cannot hold that the court abused its discretion in overruling the motion to dismiss the action for want of prosecution, and therefore cannot reverse the judgment on that ground. (*Grigsby* v. *Napa Co.*, 36 Cal. 585; 95 Am. Dec. 213.)

2. It was not sufficient ground for setting aside the default that it was entered pending the hearing of the motion to dismiss, and we cannot hold that the facts presented to the court below were of such a character as to make the denial of the motion to set it aside an abuse of discretion. The motion to dismiss the action did not extend the time to answer. (*Shinn* v. *Cummins*, 65 Cal. 97.)

3. It was not error to allow the name of the defendant to be corrected. (*Brock* v. *Martinovich*, 55 Cal. 516.)

The appeal herein was taken more than sixty days after the entry of the judgment; and we held in *Savings and Loan Society* v. *Meeks*, 66 Cal. 371, that nothing could be reviewed on an appeal from a judgment by default not taken within sixty days after the entry thereof, except what appeared on the judgment roll.

We have, however, in this case reviewed the orders excepted to, and fail to find that any error was committed for which the judgment should be disturbed.

Judgment affirmed.

McFARLAND, J., and THORNTON, J., concurred.