F. M. COFFEY v. JOHN F. CARTER *et al.*

JUDGMENT, *When not Vacated.* A defendant in an action to foreclose liens of material-men and mechanics, who is personally served with summons, and allows judgment to go against him by default, is not entitled, nearly six months thereafter, and at a subsequent term of the court, and after the property has been sold at sheriff's sale, to have the judgments vacated on motion or petition, without showing that he has a defense to the whole or a part of the action in which the judgments are rendered.

*Error from Marion District Court.*

THE opinion states the facts.

*Winslow, McDuffie & Curtis,* for plaintiff in error.
*Keller & Dean,* for defendant in error Carter.

Opinion by STRANG, C.: John F. Carter, one of the defendants in error, began this action in the court below, April 12, 1888, to recover a judgment against F. M. Coffey for lumber and building material amounting to $457, sold by the former to the latter, for the erection of a dwelling upon lots 33, 34, 35, and 36, block 21, Santa Fé addition to the city of Florence, Marion county, Kansas, and to foreclose a lien for material thereon. The other defendants in error were made defendants in the court below because of some interest claimed by them in the premises, and each of said defendants filed a cross-petition asking for affirmative relief in the form of a judgment and foreclosure of lien. F. M. Coffey, defendant below, made default, and the court, when the case came up for hearing, entered judgment for Carter on his petition, and foreclosed his lien on the lots described. The other defendants were given judgments on their cross-petitions, and each had his lien for material or labor foreclosed. All these judgments were entered May 28, 1888. November 19, 1888, the plaintiff in error went into the district court and filed a motion to vacate all the judgments in the case, which motion was

sustained as to the judgment of the Badger Lumber Company for $54.19, and overruled as to the other judgments. Coffey brings the case here, alleging that the other judgments should have been vacated, and points out several reasons why the ruling of the district court on the motion to vacate should be reversed. Without examining the alleged errors pointed out by the plaintiff in error, we think there are several reasons why he cannot insist upon a reversal of this case. First, before the suit was begun in the court below, Coffey, the defendant therein and plaintiff in error, had sold and conveyed by a quitclaim deed all his interest in the premises described in the petition to one Richard Wilson, who had assumed the payment of the liens thereon. It follows, then, that when his motion was filed Coffey had no interest in the controversy, and, therefore, no standing in court, and could not be heard to complain about a matter in which he had no interest. Besides, he had allowed judgment to go against him by default, after personal service, and had waited nearly six months, and until the property had been sold by the sheriff on an order of sale growing out of the judgment and foreclosure of the liens thereon, before he went into court to attack the proceedings by his motion to vacate. This was inexcusable delay in asserting his rights, if he had any, in the premises. He should have defended against the judgments of foreclosure, if he had any defense, or moved their vacation soon after their rendition, and not have waited until after a sale of the premises had been had thereon. Suppose the proceedings upon which the judgments were had were irregular: it would avail nothing to set them aside, after the premises had been sold at sheriff's sale.

Again, the plaintiff in error made no showing of any defense to the actions on which the judgments were rendered, in connection with his motion to vacate said judgments. A mere allegation in the affidavit in support of his motion that he had a defense is not sufficient. The facts constituting the defense must be stated, so that the court may adjudge whether or not a defense exists. Having made no showing of any de-

fense to the action in which the judgments were rendered, the plaintiff in error failed to put himself in a position to entitle him to a vacation of the judgments, even if subject to such a motion as made by him, and hence it was not error for the trial court to overrule such motion. (Gen. Stat. of 1889, ¶ 4673.) "A judgment shall not be vacated on motion or petition until it is adjudged that there is a defense to the action on which the judgment is rendered." (*Anderson v. Beebe*, 22 Kas. 768.)

For the reasons given above, and without examining further the errors complained of, it is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.