## CHARLES A. SCRUTON V. SALLIE J. HALL.
### No. 201.

1. JUDICIAL KNOWLEDGE—*court will take, of time term of district court begins.* This court will take judicial knowledge of the fact that the term of the Cowley County District Court, which follows the December term, 1891, commenced in April, 1892. As proceedings were had in said court on January 30, the term had not expired on January 29.

2. CASE-MADE—*time expiring on Sunday, that day excluded.* In computing the time given by the court to make and serve a case-made, the first day is excluded and the last day is included; and where the last day is Sunday it is also excluded.

3. APPELLATE PRACTICE—*record not revised in Appellate Court.* Where a record is properly settled by the trial judge after the waiver of amendments by the defendant in error, we will not revise or alter the record, when no motion with sufficient notice has been filed for that purpose, and when no irreparable injury is being done, even though the amendment may relate to those things which make the case reviewable in this court.

4. INSTRUCTIONS—*must be in writing if proper request is made.* The court must instruct the jury in writing if requested by either party. The case of *Wheat v. Brown* (3 Kan. App. 431) and *Rich v. Lappin* (43 Kan. 666), and the authorities there cited, followed.

Error from Cowley District Court. Hon. M. G. Troup, Judge. Opinion filed November 16, 1897. *Reversed.*

*J. Mack Love*, for plaintiff in error. *Madden & Buckman*, of counsel.

*C. T. Atkinson*, for defendant in error.

DENNISON, P. J. This action was commenced before a justice of the peace in Arkansas City, by Sallie J. Hall, as plaintiff, against Charles J. Scruton, as defendant, to recover the value of four Jersey cows which she claims Scruton took and converted to his own use.

Scruton was appointed assignee of the Arkansas City Investment Company. Among the assets which came into his possession as such assignee, were a note and chattel mortgage executed and delivered to the cashier of the Investment Company, by one Silas Kennedy, upon some cattle belonging to said Silas Kennedy. The cattle were being cared for by John and Charles Kennedy, sons of Silas' Kennedy and brothers of the defendant in error, and were turned over to Scruton by them ; and they assisted in driving them to the stock yards in Arkansas City, Kan., and John Kennedy accompanied them to Kansas City, Mo. Judgment was rendered by the justice for the plaintiff, and the defendant appealed to the District Court.

The case was tried in the District Court with a jury and judgment was again rendered against the defendant. He brings the case to this court, asking us to review the proceedings had in the District Court.

The defendant in error has filed two motions to dismiss the case from this court. The first one is upon the ground that the record does not show that the motion for a new trial was filed at the term of court at which the verdict was rendered. The record shows that the verdict was rendered on January 26, 1892. A motion for judgment upon the verdict was filed on January 27. The motion for a new trial was filed on January 29: The hearing upon the motion for judgment on the verdict was continued, January 30.

The court will take judicial knowledge that the term of the Cowley County District Court which follows the December term, 1891, commenced in April, 1892. The record shows that the court was in session on January 30. Therefore the term could not have expired on or before January 29. This motion will be overruled.

1. Judicial knowledge.

The other motion to dismiss is upon the ground that the case-made was not served nor an extension of time granted within the time allowed by the court. In **2. Sunday excluded.** support of this motion, the record is cited to show that the motion for a new trial was overruled on April 11, 1892, and ninety days were given the plaintiff in error to make and serve a case-made, and that on July 11, 1892, the court granted an extension of ten days within which to make and serve the case-made. Computing the time by excluding the first day and including the last day, the ninety days expired on July 10, 1892. The tenth day of July, 1892, was Sunday, so that it must also be excluded, and the order made on the eleventh day of July was in time.

The defendant in error contended in the argument of this case that the records of the District Court would show that the order was not made until July 12, and **3. Record not revised.** in support of this contention has forwarded to the writer of this opinion a certified copy of such record. No motion to amend the record has been made, and no notice of the presentation of this certified copy has been served upon the plaintiff in error. The only advantage which could possibly accrue to the defendant in error by a revision or an alteration of the case-made, would be to avoid a new trial. Without deciding what we might do, if proper motions had been filed upon sufficient notice to the adverse party and an irreparable injury was being done, we will, in this case, decline to revise or alter this case-made, even though the amendment may relate to those things which make the case reviewable in this court. The date upon which the order was made is plainly set forth in typewriting in the record as July 11, 1892.

The defendant in error, by her attorney, examined the record and stated that she had no amendments to suggest. The court settled the case-made as to each of such statements, thereby importing their truth. The showing made and the results which follow are surely not of sufficient magnitude to warrant us in disturbing the statements of the case-made. This motion will be overruled and the case considered on its merits.

In determining the case, it will be necessary to consider but one of the specifications of error, and that is, that " the court erred in refusing to instruct the jury in writing as requested by the plaintiff in error."

The record contains the following statement :

" By attorney for defendant. The defendant moves and requests the court to instruct the jury in writing

4. Instructions in writing. and to allow the defendant to have written instructions before he is compelled to argue the case to the jury, which motion and request is by the court overruled, to which order of the court the defendant excepts."

The record does not disclose at what point in the trial this request was made, nor why the court overruled the request. The court instructed the jury orally. This is reversible error. See *Wheat v. Brown*, 3 Kan. App. 431, and cases therein cited.

For this error the judgment of the District Court is reversed.