## THE PHOENIX BRIDGE CO. v. J. G. STREET.

(Filed Feb. 8, 1900.)

1. JUDGMENT—*Void—Motion to Set Aside.* A void judgment may be set aside at any time on motion of a party, or any person affected thereby.

2. GARNISHMENT—*Defective Summons—Jurisdiction* Where the principal defendant in an action is a non-resident and makes no personal appearance, and a garnishee summons is so defective as to confer no jurisdiction over the garnishee, such garnishee cannot confer jurisdiction of the chose in action sought to be reached by the garnishment proceedings, by entering an appearance and filing an answer.

3. SAME—*Appearance Waives Defects, When.* An appearance and answer by the garnishee waives all defects and irregularities in the writ which do not go to the jusisdiction of the court.

4. SUMMONS—*Garnishment—Void, When.* A garnishee summons which does not substantially conform to the statutory form, and which omits some of the material recitals or requirements is void, and an appearance and answer by the garnishee will not waive such defects.

5. JUDGMENT—*Against Garnishee—Void—Set Aside on Motion.* A judgment rendered against a garnishee who has answered to a void garnishee summons in an action against a non resident, who has not been personally served or appeared, is void, and should be set aside on motion.

(Syllabus by the Court.)

*Error from the Probate Court of Pottawatomie County; before J. D. F. Jennings, Probate Judge.*

*John W. Shartel*, for plaintiff in error.

*P. O. Cassidy* and *Ed. O. Cassidy*, for defendant in error.

Opinion of the court by

BURFORD, C. J: The defendant in error brought an action in the probate court of Pottawatomie county, against the Pheonix Bridge company, a corporation, to recover the sum of one hundred and sixty dollars, alleged to be due from the Bridge company to Street on open account.

The Choctaw, Oklahoma and Gulf Railway company was garnisheed, and answered that it was indebted to the Phoenix Bridge company in the sum of one hundred and sixty dollars. Service was had by publication on the Phoenix Bridge company, and it made default. Judgment was rendered in favor of the plaintiff, Street, against the Bridge company, and also judgment against the Railway company, as garnishee, and an order entered directing the Railway company to pay the money into court to be applied on the judgment.

The judgment was rendered on April 25, 1899, and on the 10th day of June, 1899, the Phoenix Bridge company entered a special appearance and filed its motion to set aside the judgment. This motion was based upon two grounds:

First. That the writ of garnishment is void, and insufficient to confer jurisdiction upon the court.

Second. That the alleged indebtedness of the Choctaw, Oklahoma and Gulf Railway company to the garnishee is an indebtedness contracted without the Territory of Oklahoma, payable in a foreign state, and which has no situs in the Territory of Oklahoma, and is not subject to seizure therein on garnishment process.

The trial court overruled this motion, and the cause is brought to this court on writ of error by the principal defendant, the Phoenix Bridge company.

It is contended that the cause is not properly before this court for consideration.

No motion for new trial was filed within the statutory time, and no exceptions were taken to any of the proceedings prior to entry of judgment.

Section 72 of our Code of Civil Procedure, makes provision for service by publication on non-resident defendants in certain causes, one of which is as follows: "In actions against * * a foreign corporation having in this Territory property, or debts owing them, sought to be taken by any of the provisional remedies, or to be appropriated in any way."

It appeared from the affidavit for garnishment, and for notice by publication, that the Phoenix Bridge company was a foreign corporation. Section 77, Code of Civil Procedure, provides when, and in what manner, a judgment rendered upon notice by publication may be set aside. That portion of the section applicable here is as follows:

"A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may, at any time within three years after date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened, the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it to appear to

the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense."

Here is a plain and adequate remedy provided for the defendant, the Phoenix Bridge company, but it is clear that it has not attempted to avail itself of the provisions of this statute.

Another mode of relief from an erroneous judgment is by motion for new trial, but no such motion was ever presented to the trial court.   By other provisions of the statute, courts in which judgments are rendered are authorized to vacate, modify or reverse their own judgments, for certain specific causes, some of which causes may be presented by motion, and others by an original action by petition and summons; but in none of these instances can a court vacate its own judgment, until it is adjudged that there is a valid defense to the action on which the judgment is rendered.   (See sections 586. to 590, Civil Code, Statute 1893.)

The plaintiff in error does not seek relief under these provisions.

There is but one other provision of the statute under which the proceedings here presented can be considered, and that is the latter clause of sec. 4471: "A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

If the judgment rendered by the probate court is void the motion to set such judgment aside should have been sustained.

We will consider the grounds of the motion in the order they are presented.

It is first contended that the garnishee summons is void, for the reason that it is not in substantial compliance with the form prescribed by statute.    There is some reason in this contention.

Statutes 1893, sec. 4080, Civil Code, sec. 202, provides:

"Upon the filing of such affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall be returned with proof of service in five days.    The garnishee summons may be served by the sheriff or any other person not a party to the action, and shall be substantially in the following form:

"————————Court, ————————County.

"A. B., Plaintiff,
     vs.
"C. D., Defendant,
"E. F., Garnishee.

"The Territory of Oklahoma, to said Garnishee:

"You are hereby summoned, pursuant to the affidavit, filed herein as garnishee of the defendant, C. D., and required, on or before the date of return day, to answer according to law, whether you are indebted to or have in your possession, or under your control, any property, real or personal, belonging to such defendant, and file a copy of your answer with the clerk of this court, and in case of your failure to do so you will be liable to further proceedings according to law, of which the defendant will also take notice.

"————————, Clerk District Court,
"———————— County,
"Oklahoma Territory."

The summons used in this case does not attempt to follow this statutory form.    It contains much that is not

required, and omits some of the material recitals. The summons issued and served on the garnishee is as follows:

"Garnishment Summons.

"Territory of Oklahoma, Pottawatomie County—ss.

"Whereas, J. G. Street has commenced suit in the probate court of Pottawatomie county, Territory of Oklahoma, against the Phoenix Bridge Co., Dft., and has this 20th day of January,1899, filed his affidavit that the Choctaw, Oklahoma & Gulf Railroad company, and within said county of Pottawatomie, has property, money, chattels, goods, credits and effects in their hands and under its control, belonging to said defendant, and is indebted to said defendant; that said defendant is justly indebted to said plaintiff in the sum of one hundred and sixty dollars, over and above all legal set off; and that said plaintiff has good reason to and does believe that he will lose the same unless garnishee summons issue to the aforesaid Choctaw, Oklahoma & Gulf Railroad company.

"You are, therefore, instructed to summon the said Choctaw, Oklahoma & Gulf Railroad company, to appear on the 14th day of February, term of said court, commencing on the first day of January, 1899, to answer under oath all questions that may be put to it touching the property of every description, and moneys of said defendant in its possession or under its control, and warn it henceforth to pay no money and deliver no property to said defendant. * *

"And return this writ on the 25th day of January, 1899.

"Witness my hand and the seal of the court affixed at Tecumseh, in Pottawatomie county, this 20th day of January, 1899.

[SEAL.]          "J. D. F. JENNINGS, Probate Judge.

"Jan. 23, 1899, at 11 o'clock A.M., received this writ.

"Jan. 23, 1899, at 11:30 o'clock P.M., executed the same by delivering a copy thereof with the endorsements thereon duly certified to the within named Choctaw, Oklahoma & Gulf Railroad company, by leaving same with F. B. Reed, who is the local station agent of said garnishee in Shawnee, Pottawatomie county, O. T.

> W. B. TROUSDALE, Sheriff.
> P. C. CONNER, Dept. Sheriff.

"Constable's Fees.

"Executing Order ......$ .50
"Mileage (11 miles)......1.10
"1 copy of order ...... .25

"Total ................... $1.80

"W. B. TROUSDALE, Sheriff.
Endorsed: No. 373, page 88.

"GARNISHMENT SUMMONS.

"J. G. Street, plaintiff v. Choctaw, Oklahoma and Gulf R. R. Co., defendant.

"Issued Jan. 20, 1899.

"Returnable Jan. 25, 1899.

"Filed Jan. 23, 1899.

> "J. D. F. JENNINGS, Probate Judge."

This writ is not addressed to the garnishee, does not give the title of the cause in which it is issued, does not notify the garnishee that he is required to appear and answer on or before the return day, according to law, does not direct him to file a copy of his answer with the clerk, and does not purport to be a notice to the defendant as required in the statutory form. But on the contrary, it requires the garnishee to appear in court on a day certain, to answer such questions as maybe put to him, and fixes the day for his appearance on the 14th

day of the February term of said court, commencing on the first day of January, 1899.

. Were these defects and irregularities sufficient to de-feat the jurisdiction of the court?

The rendering of judgment against the garnishee is dependent upon the court having obtained jurisdiction over the garnishee, and the fund in his possession, both for the purpose of condemning the fund in the posses-sion of the garnishee and for rendering a judgment *in rem* to that amount against the principal defendant. Where the principal defendant is not personally before the court, and no service has been had upon him except notice by publication, the court cannot proceed to ren-der a judgment *in rem* until it has obtained jurisdiction of the garnishee, and the fund in his possession; and such jurisdiction must be obtained by a substantial com-pliance with the statutory requirements.

In this case the record shows that after the so-called summons was served on the garnishee, it filed its answer in which it admitted its indebtedness to the principal defendant in the sum for which judgment was after-words rendered. The garnishee thus voluntarily ap-peared and submitted itself to the jurisdiction of the court, and by its action waived all irregularities and defects in the summons or service, but how far did this appearance affect the rights of the principal defendant?

In Shinn on Attachment, sec 610, it is said: "The voluntary appearance and answer of the garnishee will, however, waive all clerical errors or other irregularities in the writ, and return, and all mere insufficiencies in the manner in which he is brought into court."

Again in sec. 646, the same author states the rule thus: "As hereinbefore stated, the appearance and answer of the garnishee cannot give the court jurisdiction, because jurisdiction must be obtained by the service prescribed by the statute, but where jurisdiction has been acquired over the subject matter of the garnishment by a substantial compliance with the requirements of the statute, then an appearance and answer by the garnishee will waive any informalities or irregularities in the proceedings which are not in themselves jurisdictional."

Mr. Chief Justice Ryan, in *Steen v. Norton*, 45 Wis. 417, said: "But this right a garnishee, as such, has not. He cannot voluntarily appear and substitute his creditor's creditor for his own, because that goes to jurisdiction of the subject, not to jurisdiction of the person."

The same rule is laid down in *Wells v. Am. Ex. Co.*, 55 Wis. 24. *Hebel v. Amazon Ins. Co.*, 33 Mich. 400; and *Elder v. Husche et al.* 67 Wis. 653, and Shinn on Attachment, secs. 605 and 606.

The defects in the garnishee summons we regard as more than defects of form, or mere irregularities or c'erical errors. They go to substance and render the writ void. The summons being void, no jurisdiction was acquired over the garnishee, and the garnishee could not confer jurisdiction by an appearance and answer.

There are some authorities which ho'd to the doctrine that a principal defendant cannot object to the jurisdiction of the court over the garnishee after appearance, but so far as we have examined, the cases holding this doctrine are not in conflict with our views herein.

In the latter class of cases the court had personal service on the principal defendant, or he had personally appeared. The rule would necessarily be different in that class of cases from the one at bar.

Our determination of this question renders it unnecessary to review the other ground of the motion to set aside the judgment.

The order of the probate court overruling the motion to set aside the judgment is reversed, and cause remanded, with directions to the trial court to sustain the motion and set aside the judgment

Cause reversed at costs of defendant in error.

All of the Justices concurring.