NOYES v. FRENCH.

No. 760, Ind. T.   Opinion Filed March 19, 1908.

(94 Pac. 546.)

1.   APPEAL—Review—Deficient Record—Scire Facias.   Where a writ of scire facias is asserted to have been issued within 10 years after the cause of action shall accrue on a judgment, this court cannot say that a petition for the revival of such judgment filed after the expiration of such time is an amendment of such writ or a continuation of such action, where neither the writ nor the terms thereof are set out in the record.

2.   JUDGMENT—Revival—Scire Facias—Abatement.   Where the return of the officer on a writ of scire facias issued in due time to revive a judgment shows that defendant cannot be found, the order of the court requiring all persons to appear and show cause why such judgment should not be revived must be made

on or before the second day of the next term of the court; where this is not done, the proceeding abates and cannot be made the basis for a petition of revival filed after the judgment is barred by the statute of limitations.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory; before C. W. Raymond, Judge.*

Action to revive judgment by N. D. Noyes against J. A. French. Judgment for defendant, and plaintiff brings error. Affirmed.

The record in this case discloses that on May 13, 1905, plaintiff in error, who was plaintiff below, filed in the United States Court of the Western District for Indian Territory, sitting at Muskogee, a petition to revive a judgment in which he alleged that on the 22d day of March, 1893, he recovered judgment against the defendant, Jennie French, in the sum of $676.20 with interest and costs; that no part of the judgment had ever been paid; and that on the 18th day of March, 1903, he filed his complaint in that court praying that a *scire facias* issue to the defendant requiring her to show cause why said judgment should not be revived. That the same was issued on the 20th day of March, 1903, placed in the hands of the marshal of the Northern District of Indian Territory, and by him returned on the 10th day of September, 1903, indorsed, "I certify the defendant could not be found in this district." signed, "W. H. Darrough, United States marshal of the Northern District of the Indian Territory."

The petition contained the further averment that the judgment lien had not expired before the issuance of said *scire facias,* and that he did not know where the defendant then lived. He thereupon prayed the court to make an order requiring all persons interested to appear at the next term of court and show cause why such judgment should not be revived. On this petition the court made an order setting out the judgment of March 22, 1893,

reciting that *scire facias* was duly issued, and in due time returned to the court on the 10th day of September, 1903, by the United States marshal, showing that defendant could not be found in that district, and citing all persons who should be interested in the judgment to appear at the next regular term of court and show cause, if any they have, why said judgment should not be revived. The posting of this order is shown to have been made by W. N. Brook, and the same was filed in open court on May 13, 1905.

On the hearing of the cause, the record recites that the court made a finding that the *scire facias* to revive the judgment in favor of plaintiff and against the defendant was begun after the same was barred by the statute providing for the reviving of judgment by *scire facias*, and ordered that the action be dismissed at the costs of plaintiff. The cause was then taken by writ of error to the United States Court of Appeals for the Indian Territory, and is before us by virtue thereof.

*Brook & Brook*, for plaintiff in error.

Dunn, J. (after stating the facts as above). The statutes of the Indian Territory called into consideration by this action are as follows:

"Sec. 2954. Actions on all judgments and decrees shall be commenced within ten years after the cause of action shall accrue, and not afterwards."

"Sec. 2601. The plaintiff or his legal representative may, at any time before the expiration of the lien on any judgment, sue out a *scire facias* to revive the same."

"Sec. 2603. If the defendant cannot be found, the court shall make an order briefly setting forth the nature of the case, and requiring all persons interested to appear and show cause why such judgment or decree should not be revived, and the lien continued, on or before the second day of the next term of said court.

"Sec. 2604. A copy of such order shall be put up at the court-house door of the county in which such judgment or decree may have been rendered, four weeks before the commencement

of the term of the court at which the parties are required to appear."

The judgment sought to be revived in this case having been taken on the 22d day of March, 1893, expired, unless revived by action on the 22d day of March, 1903. Plaintiff's petition to revive was filed by him on the 13th day of May, 1905. It is denominated an amended complaint, and we are asked to consider it upon the bare recital in the record that a writ of *scire facias* was issued on the 20th day of March, 1903, and prior to the expiration of the life of the judgment mentioned.

A writ of *scire facias* may fill a dual office. It may supply the place of a declaration and also of a writ. When offered in the place of the declaration it must contain all the necessary averments of the same, setting out fully and specifically the judgment involved, to the end that the defendant may be fully apprised of the purpose and scope of the action. 18 Ency. Pleading & Practice, 1075, and cases cited; *Calhoun v. Adams,* 43 Ark. 238. In this case no copy of the writ is brought to us in the record, and it is impossible for us to say that the petition filed in May, 1905, was in any particular an amendment to the writ of *scire facias* issued March 20, 1903; so that the petition must be considered the beginning of this action, and the judgment to be revived had lapsed when it was filed.

Moreover, it appears from the return of the officer on the writ that the defendant could not be found. Thereupon, plaintiff elected to proceed under section 2603, and had the court make an order requiring all persons interested to appear and show cause. A copy of the order was posted at the court house door in compliance with the statute. It will be observed, however, that there is a limitation upon the right of the plaintiff to secure service in this manner, and that is that such order shall be made "on or before the second day of the next term of said court." The return of the officer on the *scire facias* was made on the 10th day of September, 1903. The order referred to was not made by the court until the 13th day of May, 1905, a period of one year

and eight months from the return of the officer, and this court will take notice of the fact that the date of the issuance of said order was subsequent to the second day of the next term of the United States court for the Western District of Indian Territory, sitting at Muskogee. See 16 Cyc. 911; *Scruton v. Hall*, 6 Kan. App. 714, 50 Pac. 964; *Tromble v. Hoffman et al.*, 130 Mich. 676, 90 N. W. 694; *Board of Com'rs of Natrona County v. Shaffner*, 10 Wyo. 181, 68 Pac. 14; *Rodgers v. State*, 50 Ala. 102. Hence the writ of *scire facias*, conceding one sufficient in all particulars to have been issued, expired by the failure to follow it up by having an order issued within the time limited by the statute, and was not subject to amendment.

The judgment of the lower court is affirmed.

All the Justices concur.