## BOYNTON LAND, MINING & INVESTMENT CO. v. RUNYAN.

No. 2348.     Opinion Filed July 11, 1911.

(116 Pac. 809.)

APPEAL AND ERROR—Service of Case-Made—Time. The motion for new trial was overruled on October 4, 1910, and the plaintiff in error allowed 60 days in which to prepare and serve a case-made. On November 26, 1910, within such period, the court allowed a further extension of 30 days from the 3d day of December, 1910. The case-made was served on the 3d day of January, A. D. 1911.

The 1st day of January, A. D. 1911, falling on Sunday, the following day, Monday, which was the 2d day of January, A. D. 1911, was a holiday. The time for serving the case-made expiring on said day, a holiday, the plaintiff in error had the next succeeding day in which to make such service.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Action between the Boynton Land, Mining & Investment Company and Charles F. Runyan. From an order denying a new trial, the Investment Company brings error. On motion to dismiss. Overruled.

*George A. Murphey,* for plaintiff in error.

*Charles F. Runyan, pro se.*

WILLIAMS, J. The defendant in error moves to dismiss this appeal, on the ground that the case-made was not signed and settled within the time allowed. The motion for a new trial was overruled on October 4, 1910, when plaintiff in error was given .60 days in which to prepare and serve the case-made. On November 26, 1910, the court allowed a further extension of 30 days from the 3d day of December, 1910, to make and serve his case-made. The case-made was served on the 3d day of January, A. D. 1911. We quote the following statutes in force in this state:

"Holidays are every Sunday, the first day of January, the twenty-second day of February, the fourth day of July, the twenty-fifth day of December. * * *" (Section 2954, Comp. Laws 1909; section 2704, St. 1890.)

"If the first day of January, the twenty-second day of February, the fourth day of July or the twenty-fifth day of December falls upon a Sunday, the Monday following is a holiday." (Section 2955, Comp. Laws 1909; section 2705, St. 1890.)

"Whenever any act of a secular nature, other than a work of necessity, or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed." (Section 2957, Comp. Laws 1909; section 2707, St. 1890.)

"The time within which an act is to be done shall be com-

puted by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded." (Section 6258, Comp. Laws 1909; section 4629, St. 1893.) See, also, *Scruton v. Hall,* 6 Kan. App. 714, 50 Pac. 964.

Under section 6258, *supra,* the 3d day of December must be excluded in the computation. That would leave 28 days in the month of December, and by including the last day that would bring the 30 days allowed to include the 2d day of January, 1911. But the 1st day of January, 1911, fell on Sunday, and under sections 2954, 2955, and 2957, *supra,* the last day, to wit, Monday, which was the 2d day of January, A. D. 1911, became a holiday. The time within which the plaintiff in error was permitted to serve his case-made having expired upon a holiday under section 2957, such case-made was permitted to be served upon the next day, which was the 3d day of January, A. D. 1911.

We conclude the case-made was therefore served in time, and the motion to dismiss the appeal is accordingly overruled.

All the Justices concur.