## HOLLISTER v. KORY *et al.*

No. 6906.   Opinion Filed June 8, 1915.

(149 Pac. 1136.)

**APPEAL AND ERROR—Frivolous Appeal—Dismissal.**   Where, upon an examination of the record, the petition in error, and the motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the appeal will be dismissed.

(Syllabus by the Court.)

*Error from County Court, Jefferson County;*
*J. M. Adams, Judge.*

Action by Julius B. Kory and another against S. L. Hollister.   Judgment for plaintiffs, and defendant brings error.   Dismissed.

*Bridges & Vertrees,* for plaintiff in error.

*N. C. Peters,* for defendants in error.

SHARP, J.   December 17, 1913, M. Kory & Son instituted an action against the defendant, S. L. Hollister, seeking to recover a judgment on two certain promissory notes.   Summons was duly issued and served upon defendant December 19, 1913.   The return day of the summons was December 20, 1913; answer day, January 9, 1914.   On January 5th defendant filed a motion to quash the summons, "for the reason that the time allowed defendant to answer the petition of plaintiff is not sufficient in law."   This motion to quash was heard and overruled on January 14th, at which time plaintiffs were given leave to amend their petition by inserting the individual names of the partners plaintiff; and defendant, at his request, was given until January 17th to plead.   To the order overruling the motion to quash and set aside the summons, no exception was saved by defendant.   On January 26th the case came on for hearing in its regular order.   Plaintiffs

appeared by their attorney, but defendant came not, and was adjudged in default for failure to file an answer. Thereupon judgment was rendered for the plaintiffs. On January 29th defendant filed a motion to vacate said judgment, which motion was overruled on April 6th. On April 7th defendant filed a motion for a new trial on the motion to vacate the judgment, which motion was overruled April 23d, and defendant brings error.

Motion has been filed in this court to dismiss the appeal on the ground that it is frivolous. In the motion to vacate the judgment, we find that no defense to plaintiffs' cause of action was set out; and as section 5271, Rev. Laws 1910, provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered, defendant is in no position to complain of the court's action in the overruling thereof. *Phoenix Bridge Co. v. Street,* 9 Okla. 422, 60 Pac. 221; *A. T. & S. F. Ry. Co. v. Schultz,* 24 Okla. 365, 103 Pac. 756; *Leforce et al. v. Haymes,* 25 Okla. 190, 105 Pac. 644; *Coffey v. Carter et al.,* 47 Kan. 22, 27 Pac. 128.

In view of the facts appearing from the record before us, we think the motion to dismiss should be sustained. The original motion to quash the summons was groundless. The order of court granting the defendant additional time in which to answer was not complied with. On the day of trial neither the defendant nor his attorneys appeared, and the motion to vacate the judgment did not set out or even claim that defendant had a valid defense to plaintiffs' action. Neither has the motion to dismiss the appeal, on the ground that it is frivolous, been resisted in this court.

Upon authority of *Kirkland et al. v. Trezevant et al.*, 38 Okla. 445, 134 Pac. 1198, and *Myers et al. v. Hunt et al.*, 45 Okla. 140, 145 Pac. 328, the appeal is dismissed.

All the Justices concur.