**HARN et al. v. AMAZON FIRE INS. CO.**

No. 7259—Opinion Filed July 31, 1917.

Rehearing Denied Sept. 18, 1917.

(167 Pac. 473.)

**1. Time—Service of Process—Return Day.**

Where, in a summons, the answer day is fixed on a day which falls on Sunday, such summons is a valid summons, as into said summons must be read section 5341 of the Revised Laws of 1910, which fixes the limits of filing an answer in response to said summons to be the Monday succeeding such Sunday.

**2. Judgment—Vacation—Condition.**

To entitle one to have a judgment, rendered upon a petition stating a cause of action, upon which a legal summons has been served upon the defendant, upon motion or petition, vacated, it is a condition precedent that defendant must have a valid defense to the judgment rendered.

**3. Judgment—Default—Time for Answer.**

Where a defendant is authorized to file answer to a pending cause within a stated time, the filing of a motion to require the plaintiff to permit copies of its records to be made does not interrupt the running of the time in which such answer must be made, and if under such circumstances an answer is not filed within the specified time, the defendant may properly be adjudged in default, and judgment rendered against him.

**4. Same—Vacation—Grounds.**

Where a time is fixed for the filing of an answer, and answer is not so filed, and judgment is therefore rendered by default, it is not a ground upon which to vacate such judgment that the attorney of defendant had information from the clerk of the court rendering the judgment that contested motions would not be heard on the day such judgment was rendered, as, in the absence of an answer, no contest was pending against a motion for judgment by default.

Thacker, J., dissenting in part.

(Syllabus by Collier, C.)

Error from District Court. Oklahoma County; Geo. W. Clark, Judge.

Action by the Amazon Fire Insurance Company against W. F. Harn and others. There was a judgment for plaintiff, and defendants Harn bring error. Affirmed.

W. F. Harn, for plaintiffs in error.

F. C. Stanard, J. H. Wahl, and C. H. Ennis, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against the plaintiffs in error to recover upon a promissory note in the sum of $16,283.25, for attorney's fees, and foreclosure of a mortgage on certain real estate described in the petition in this case. Hereinafter the parties will be designated as they were in the trial court.

The petition in this case was filed in the district court of Oklahoma county, Okla., June 2, 1914. Praecipe for summons was filed June 2, 1914, and summons was issued in said cause, which said summons, in accord with the praecipe, fixed the answer day at 20 days thereafter, and named in said summons the day upon which the said 20 days expired, and which said named day was Sunday. There was a special appearance by W. F. Harn and Alice Harn, two of the defendants, who moved to quash the summons, which motion was overruled, excepted to, and 10 days given in which to plead.

Thereafter W. F. Harn and Alice Harn filed demurrer to said petition, which was overruled, excepted to, and 10 days given in which to answer. On the 28th day of September, 1914, the defendants W. F. Harn and Alice Harn filed a motion, praying for an order from said court requiring the plaintiff to furnish, or permit them to make, copies of certain documents and records in possession of said plaintiff, or under its control, containing necessary evidence relating to the merits of this action for defendants' defense therein, together with demand and order upon said plaintiff for said inspection. On October 10th defendants W. F. Harn and Alice Harn were adjudged in default, and judgment was rendered against them in favor of the plaintiff in the sum of $16,283.25, with interest at 10 per cent. per annum, and $1,500 attorney fees, and foreclosure of the mortgage, conditioned that only $1,000 of said attorney's fees is secured by said mortgage.

W. F. Harn and Alice Harn moved to set aside default judgment rendered October 10, 1914; the material allegations upon which said motion to set aside the said judgment being that prior to the rendition of said judgment the said defendants' attorneys were informed that no contested motions would be taken up by the court on October 10th, and that at the time said judgment was rendered and disposed of a motion requiring the defendants be allowed to inspect and copy the records of the plaintiff, in order to make a proper defense was filed in this cause without leave of the court, and that said defendants had a good defense to said action. The court found that, after the

demurrer to the petition was overruled, 10 days was given to answer; that within that time said motion for discovery was filed, and was pending at the time the default was entered, and the judgment rendered. The court concluded its findings as follows:

"I do not think there is any defense to the petition pleaded in the light of the record that has been presented. I don't know whether it is properly in the record or not, but the court has fully considered it, and all of the representations that were alleged to have been made two years ago were made prior to the execution of this note and mortgage; the note and mortgage were executed in full settlement of the differences between the parties. And, taking the record as it is presented here, the court don't believe that any defense is presented that warrants the exercise in the defendants' favor of the discretion which the law contemplates in vacating that judgment. The motion to vacate the judgment and the default upon which the judgment was rendered is overruled, and excepted to."

Thereafter the defendants filed a motion for a new trial, which was overruled, and excepted to, and error brought to this court.

There were demurrers, answers, and cross-petitions filed by various other defendants in this cause than the appellants, and action had thereon by the court, which we deem unnecessary to consider, from the fact that the same do not controvert the rights of the plaintiff, nor raise an issue between the plaintiff and the said W. F. Harn and Alice Harn, and the judgment is appealed only by the said W. F. Harn and Alice Harn.

The important question involved in this cause is: Is a summons, issued in accord with a praecipe, which names an answer day which is Sunday, a void summons? This question, so far as we have been able to find, has not been directly decided by this court. The defendant must answer the petition within the time stated in the summons, and not answer on any particular day, and the day named as answer day is only the limit of the time in which the answer can be made. In the instant case the defendant was required to answer within 20 days, and said day named as the expiration of the said 20 days expired on Sunday, and therefore in law the summons should be read that said answer day was Monday following the said Sunday, and the defendant might have legally deferred the filing of an answer until Monday, and if an answer had been filed on Monday it would have been in strict accord with the command of said summons and could not have been legally stricken. Section 5341, Revised Laws 1910, provides:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last [day]; if the last day be Sunday it shall be excluded."

In construing the summons in this case, said section 5441 must be read into it, and therefore, the answer day named in it being Sunday, reads the following Monday as the limit of the time in which the answer can be made.

"It has been held that, if a return falls on Sunday or a legal holiday, the writ is not void, but the return day is continued, and becomes the Monday succeeding." Cyc. Pl. & Pr. vol. 20, 1167.

In Ostertag v. Galbraith, 23 Neb. 730, 37 N. W. 637, as also Swann v. Brook, 3 Burr. 1595, 97 Eng. Reprint, 999, we find:

"That a defendant cannot be misled by a notice to appear on Sunday, as the notice must necessarily relate to Monday." Loverage v. Plaiston, 2 H. B. L. 29.

In Board of County Commissioners of Smith County v. Labore et al., 37 Kan. 480, 15 Pac. 577, Judge Valentine says:

"But, even if there should be some reason for considering this proceeding in error as not having been commenced at that time, then we would think that undoubtedly it should be considered as having been commenced on April 28, 1886, when the summons was issued. * * * And if the proceeding in error was commenced at that time, then it was commenced within proper time, and within one year after the judgment of the court below was rendered. Under section 722, Civil Code, the time is to be computed by excluding the first day, and including the last, except when the last day falls on Sunday, and then Sunday is also to be excluded."

In Van Laer et al. v. Kansas Triphammer Brick Works et al., 56 Kan. 545, 43 Pac. 1134, Chief Justice Martin says:

"Our statute governing the subject (Civ. Code, § 722) enacts that 'the time * * * computed by excluding the first day and including the last; if the last day be Sunday it shall be excluded. Under the identical statutes in New York and Indiana, it has been held that, 'while Sunday is excluded if the last day, yet it is included if an intervening day.' Taylor v. Corbiere, 8 How. [Prac. (N. Y.)] 385, and cases cited; English v. Dickey, 18 Ind. 174, 182, 27 N. E. 495 [13 L. R. A. 40]. We hold the latter to be the true construction of our statute, and, although not expressly decided, it has been assumed by the courts, and accepted generally by the profession, as the correct interpretation. The Legislature, having Sun-

day · in mind, provided for its exclusion when the last day, and it is presumable that its inclusion was intended when on intervening day."

In Grant v. Creed et al., 35 Okla. 190, 128 Pac. 511, it is held:

"The judgment sought to be reviewed was rendered on December 30, 1911; the motion for new trial being filed and overruled on the same day. The proceeding in error was commenced on July 1, 1912. The 30th day of June, 1912, fell on Sunday. The six months in which a proceeding for reviewing said judgment may be commenced in this court expired on that day, which must be excluded. The proceeding, being commenced on July 1, 1912, was within time."

In Boynton Land, Mining & Investment Co. v. Runyan, 29 Okla. 306, 116 Pac. 809, it is held:

"The 1st day of January, A. D. 1911, falling on Sunday, the following day, Monday, which was the 2d day of January, A. D. 1911, was a holiday. The time for serving the case-made expiring on said day, a holiday, the plaintiff in error had the next succeeding day in which to make such service."

"When the time to plead expires on Sunday, the party has the next day in which to plead." Cock v. Bunn, 6 Johns, [N. Y.] 326; Borst v. Griffin, 5 Wend. (N. Y.) 84; Anonymous, 1 Strange, 90; Lee v. Carlton, 3 T. R. 341; Catherwood v. Shepard, 30 La. Ann. 677; Marks v. Russell, 40 Pa. 372.

In Marks' Executors v. Russell, supra, it is said:

"The judgment was premature. In counting the time to plead after notice, the day on which the notice is given is excluded, and if the final day falls on Sunday, it also is excluded, and a plea entered on Monday is in time."

In the matter of Senate Resolution of March 31, 1887, requesting a construction of section 11, article 4, of the Constitution, in relation to Senate Bill No. 56, the Supreme Court of Colorado (9 Colo. 632, 21 Pac. 475) held:

"In case of administrative and judicial acts, if the return day of a writ, the completion of service by publication, or the day upon which court is to sit, falls upon a Sunday, the return day or court day is continued and becomes the Monday succeeding, unless the same should be a legal holiday. In such class of cases there can be no curtailment of the full period of time allowed by law."

Very many decisions are cited in the brief of the defendants W. F. Harn and Alice Harn antagonistic to the decisions above quoted, but an examination of these cases discloses the fact that said decisions are rendered in states which do not have laws similar to section 5341, Revised Laws 1910. We are of the opinion, and so hold, that the court did not err in refusing to quash the summons in this case.

The defendants W. F. Harn and Alice Harn were given 10 days in which to answer the petition in this cause; but, instead of answering, they filed the motion named, to require the plaintiff to present its records to be copied. This motion was filed without leave of the court, and did not prevent the running of the time in which answer should be made. The fact that the defendants' attorney had information from the clerk of the court rendering the judgment that contested motions would not be heard on the day such judgment was rendered was not a ground upon which to vacate the judgment, because such judgment was not a contested motion, in the absence of an answer, and therefore not included in the information had by said attorney. Having failed to answer within the time fixed by the court, they were in default, and judgment was properly rendered against them. In Greenfield v. Wallace, 1 Utah, 190, the court said:

"It is further claimed by the appellant that, notwithstanding the defendant filed no amended answer, yet no judgment should have been taken whilst the motion to set aside the amended complaint remained undisposed of. The leave given was to file an answer. The motion is in no sense an answer, and as no stay of proceedings was had, or asked, and the 10 days having expired, the plaintiffs were entitled to their judgment."

See, also, McDonald v. Swett, 76 Cal. 257, 18 Pac. 324; Shinn v. Cummins, 65 Cal. 97, 3 Pac. 133; Naderhoff v. Benz et al., 25 N. D. 165, 141 N. W. 501, 47 L. R. A. (N. S.) 853.

It follows that the court, in the absence of an answer, did not commit error in rendering the judgment rendered. This leaves for our consideration the action of the court in overruling the motion to vacate the judgment rendered. We are of the opinion, and so hold, that the record in this case sustains the court in the conclusions reached that not any defense is pleaded by the defendants W. F. Harn and Alice Harn to the judgment rendered, "in the light of the record that has been presented, * * * and taking the record as it is presented here, the court don't believe that the defense it presented would warrant the exercise in the defendant's favor of the discretion

which the law contemplates in vacating that judgment."

Section 5271, Revised Laws 1910, reads:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered."

In the case of Hollister v. Kory et al., 47 Okla. 568, 149 Pac. 1136, Justice Sharp, in construing this section of the statute, said:

"In the motion to vacate the judgment, we find that no defense to plaintiff's cause of action was set up; and as section 5271, Revised Laws of 1910, provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered, defendant is in no position to complain of the court's action in the overruling thereof." Phoenix Bridge Co. v. Street, 9 Okla. 422, 60 Pac. 221; A., T. & S. F. Ry. Co. v. Schultz, 24 Okla. 365, 163 Pac. 756; Leforce et al. v. Haymes, 25 Okla. 190, 105 Pac. 644; Coffey v. Carter et al., 47 Kan. 22, 27 Pac. 128.

Finding no error in the record, this cause is affirmed.

By the Court: It is so ordered.

THACKER, J., dissents from the proposition embodied in the first paragraph of the syllabus.