## PETROS v. FOX-VLIET DRUG CO.

No. 19289.   Opinion Filed Sept. 24, 1929.

Font L. Allen and T. A. Aggas, for plaintiff in error.

E. D. Brewer, for defendant in error.

RILEY, J.  This is an appeal to reverse the judgment of the court of common pleas of Tulsa county overruling plaintiff in error's motion and supplemental motion for a new trial and to vacate a default judgment.

The original judgment was against Petros and in favor of defendant in error. Kochman, attorney, represented Petros by filing a motion and answer. The answer bore the names of Thompson and Ingersoll, signed by Kochman. On May 10, 1926, the cause was transferred from the district court to the court of common pleas, where, on June 3rd, a request was filed for a jury trial. On October 20, 1926, the defendant, Petros, failed to appear and default judgment was rendered in the amount sued for. Execution was issued and defendant moved to vacate it, contending:

(1) The cause was transferred without knowledge; (2) no notice of setting of the cause; (3) the judgment was excessive; (4) accident and surprise; (5) impossibility of making case-made; (6) that defendant had a valid defense as shown by their answer.

On October 24th, defendant filed a supplemental motion alleging:

(1) The petition did not state a cause of action; (2) that it was filed against a copartnership.

On October 29th, upon a hearing, it was found that Thompson and Ingersoll, attorneys, were relying upon Kochman, attorney, and Kochman testified he had withdrawn from the case and had so informed associate counsel as well as his client, and that

Ingersoll had informed him the case had been transferred. It appeared that the case was set on the docket and recorded in the Legal News as required by rule.

A valid defense is not alleged or proved. Reference is made to the answer. The answer is a general denial. In a motion to vacate judgment under section 814, C. O. S. 1921 (R. L., sec. 5271), it is provided that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered. Defendant is in no position to complain of the court's action in the overruling of his motion. Hollister v. Kory, 47 Okla. 568, 149 Pac. 1136; Harn v. Amazon Fire Ins. Co., 66 Okla. 99, 167 Pac. 473.

It was held in Thompson v Caddo County Bank, 15 Okla. 615, 82 Pac. 927, that:

"A general denial, though verified, cannot serve the purpose intended by the statute: it can give no information to the court, nor aid it in determining whether or not there exists in fact a valid and meritorious defense to plaintiff's cause of action, nor will it take the place of a full and complete statement of those facts sufficient to constitute such defense or obviate the necessity of pleading them."

See, also, Harn v. Amazon Fire Ins. Co., 66 Okla. 99, 167 Pac. 473; Hollister v. Kory, 47 Okla. 568, 149 Pac. 1136; McKee v. Intra-State O. and G. Co., 77 Okla. 260, 188 Pac. 109, as to the necessity of pleading a valid defense.

It is well-known law that negligence of an attorney is imputed to the client. Bearman v. Bracken, 112 Okla. 237, 240 Pac. 713. Herein the trial court probably concluded both attorney and client were negligent. The evidence would justify that view, and may be summarized as follows:

(1) The attorneys for appellant were aware of the transfer of the cause.

(2) The defendant, Petros, was aware of the cause being in the court of common pleas and made inquiry about the case.

(3) Due notice was given of the setting of the case.

(4) The defendant, Petros, and attorney Ingersoll knew Kochman had withdrawn from the case.

(5) The defendant had no meritorious defense to the action.

(6) The petition stated a cause of action and the testimony sustained the judgment.

So we hold that even with the exercise of discretion, under the evidence, the trial court was not in error in refusing to vacate the judgment. Affirmed.

MASON, C. J., and CLARK, HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur.

LESTER, V. C. J., and ANDREWS, J., absent, not participating.