| 35 | 123 |
| 55 | 103 |
| 35 | 123 |
| 57 | 603 |
| 35 | 123 |
| 61 | 347 |
| 61 | 358 |

## LEIGH vs. ARMOR.

NEW TRIAL: *Equity jurisdiction to grant    Not ousted by statute.*

When a judge of a circuit court is disabled by sudden sickness to dispose of a motion for new trial during the term at which the judgment was rendered, the party filing the motion may, upon showing the facts in his complaint, and that he was guilty of no negligence, and had a meritorious defense or cause of action, obtain relief in equity. Such case does not fall within any of the provisions of the statute empowering the law judge to grant a new trial after the lapse of the term at which the judgment was rendered (*Gantt's Dig.*, *sec.* 3596–4692); and if it did, the ancient and inherent jurisdiction of a court of equity to relieve against fraud, accident or mistake, would not thereby be divested.

APPEAL from *Lafayette* Circuit Court. in Chancery.
Hon. J. K. YOUNG, Circuit Judge.
*Williams & Battle* for appellant.
*Cork, contra.*

ENGLISH, C. J.   Cassius Leigh filed the bill in this case
on the chancery side of the circuit court of Lafayette
county, against Virginia W. Armor, alleging, in substance,
as follows:

That complainant brought suit against defendant on the
law side of the same court, on a note for $600, executed by
her to him, the twenty-seventh of December, 1870, payable
at twelve months, with 10 per cent. interest.   That de-
fendant filed an answer, and at the September term, 1877,
the case was submitted to a jury, and on the evidence and
instructions of the court, a verdict was returned in favor
of defendant, and thereupon judgment was entered in her
favor and against complainant for costs.   That he moved
for a new trial, which was submitted to the court, and
taken under advisement.   That his counsel prepared a bill
of exceptions, setting out the evidence introduced on the
trial, the instructions given and refused by the court, etc.,
and had it ready to present to the judge for his signature
if the motion for a new trial was overruled, and take an
appeal.   That while the motion for a new trial was under
advisement, the presiding judge was suddenly taken sick ;
was unable to do any further business, and the court was
closed for the term, and the motion for a new trial left un-
decided, and the judgment entered on the verdict was not
opened.

By reason of such unavoidable accident, whereby he was
prevented from having his motion for a new trial disposed
of, etc., complainant prayed a decree for a new trial, etc.

Defendant demurred to the bill on the ground that the facts stated therein were not sufficient to entitle complainant to relief. The court sustained the demurrer, and complainant filed an amended bill, averring, in addition to the allegations of the original bill, that in the suit at law the defendant pleaded that the note sued on was executed by her without any consideration whatever, and exhibiting a transcript of the record of the pleadings and proceedings of the suit, etc., and setting out the evidence introduced by both parties on the trial, and the instructions given and refused by the court, etc.

Prayer as in original bill.

The defendant demurred to the amended bill; the court sustained the demurrer, and complainant resting, the bill was dismissed, and he appealed.

It is well settled that where a judgment is obtained in a court of law by fraud, accident or mistake, unmixed with negligence on the part of the party against whom it is rendered, a court of equity has jurisdiction, on a showing of a meritorious defense or cause of action, to compel the party obtaining the judgment to submit to a new trial. But it is agreed that this power should be exercised with great caution, and the application of the doctrine is generally restricted, and is confined to cases which present peculiar circumstances, under the maxim that there must be an end of litigation. *Pelham v. Moreland et al., 11 Ark., 442; Watson et al. v. Palmer et al., 5 ib., 501; Jamison et al. v. May, 13 ib. 604; Peagram v. King, 2 Hawk. (N. C.), 611; Burgess v. Lovingood, 2 Jones Eq. (N. C.), 460; How et al. v. Mortell et al., 28 Ill., 478; Executors of Powers v. Adm'r of Butler, 3 Green Chancery (N. J.), 465; 3 Graham & Waterman on New Trials, pp. 1455–1482; Campbell v. Edwards, 1 Mo., 231; Saunders v. Jennings, 2 J. J. Marsh, 513; Triplett v. Scott, 5 Bush, 81.*

1. NEW TRIAL: Chancery jurisdiction to grant.

*Knifong v. Hendricks et al., 2 Grattan (Va.), 212,* is a case similar to this. In that case, after the plaintiff had obtained a verdict, the counsel for defendants announced that they would ask for a new trial, but were prevented from making the motion by the dispersion of the justices composing the court, and the court of appeals held that they were entitled to relief in equity.

It appears from the evidence set out in the amended bill, and alleged to have been introduced on the trial at law, that the deceased husband of appellee left a will, by which he devised to her and her infant son valuable legacies. That a married daughter and her husband brought suit to set aside the will on the grounds that appellee had procured her husband to make it by undue influence, and afterwards poisoned him. That appellant, a lawyer in good standing, defended the suit at the instance of the executor and the acquiescence of appellee, took depositions proving that the allegations against the will were groundless, and the contest was abandoned. That the services of appellant were worth $600, which he charged as a fee, and for which appellee executed to him the note sued on at law, and that the verdict was given in her favor by misdirection of the court.

Whether the law judge would have granted a new trial, had he not been taken ill, we do not know; but had he refused it, appellant would have had a remedy by appeal; but by unavoidable accident, the presiding judge, if the allegations of the bill be true, was deprived of the power to grant or refuse a new trial; and such accident, without fault or negligence of appellant, and upon the showing of merits made by the bill, entitled him to relief in chancery.

This case does not fall within any of the provisions of the statute empowering the law judge to grant a new trial

after the lapse of the term at which the judgment was rendered, (See *Gantt's Dig.*, *sec. 3596, 4692);* and if it did, the <span style="float:right;">Not ousted by the statute.</span> ancient and inherent jurisdiction of a court of equity to relieve against fraud, accident or mistake would not thereby be divested. *Jacks et al. v. Adair et al., 33 Ark., 161; Hempstead et al. v. Watkins, Ad., 6 Ark., 317; Carington v. Holabird, 19 Conn., 84; 3 Graham & Waterman on New Trials, pp. 1476-7-8.*

The court below should have overruled the demurrer to the amended bill, and required appellee to answer.

Decree reversed, and cause remanded for further proceedings.