SILOAM SPRINGS V. McPHITRIDGE.

Decided March 8, 1890.

*Final judgment—Pendency of motion in arrest does not suspend.*

> A judgment becomes final at the end of the term at which it is rendered, although the court has taken under advisement a motion for a new trial and in arrest of judgment, and has entered an order suspending execution until a decision upon said motion.

APPEAL from *Benton* Circuit Court.

J. M. PITTMAN, Judge.

*E. S. McDaniel* for appellant.

PER CURIAM.    On August 17, 1887, the defendant, Wm. G. McPhitridge, was tried before the mayor of the town of Siloam Springs for violation of a town ordinance.    He was convicted, fined and appealed to the circuit court.    On September 27, 1887, he was tried and convicted in the circuit court, and judgment rendered against him for the fine and costs.

On October 17, 1887, at the same term of the court, he filed his motion for a new trial and in arrest of judgment, and the record says, ''which motion is by the court taken under advisement, and hearing of said motion is continued. And it is ordered by the court that the execution of the judgment rendered in this cause be suspended until decision by the court upon said motion.''

At the next term of the court, on April 20, 1888, the court sustained said motion in arrest of judgment, set aside the judgment entered at the preceding term, and gave judgment against appellant for the whole cost of the prosecution.

This was beyond the power of the court.    Its judgment upon the verdict convicting McPhitridge became final at the end of the fall term, and the pendency of the motion for

new trial and in arrest and the order suspending execution of the judgment did not prevent this result. Had the court desired to reserve the matter of the motion for consideration, it should have set aside the judgment at the fall term. The judgment of September 27, 1887, is still in full force, and the order setting it aside is quashed as upon certiorari.