MERRILL ET AL. VS. MARTIN ET AL.

Opinion delivered October 4, 1901.

1.  *Ejectment—Default—Defects in Complaint Waived by Permitting.*

In an action of ejectment, the defendants answer was stricken from the files on motion of plaintiff and, defendant failing to further plead, judgment by default was rendered against him. *Held*, that by such action, defendant waived the right conferred by Mansf. Dig. Sec. 2632 (Ind. Ter. Stat. Sec. 1916) re. quiring copies of deeds or evidence of title to be filed with complaint.

2.  *Ejectment—Complaint—Objections Waived If Not Made in Time.*

Where, in an action of ejectment, defendant's answer was stricken from the files, and a default judgment rendered on his failing to further plead, and he then, at a subsequent term, moved to set aside the judgment because of defects in the complaint, such motion was properly overruled, although the complaint was defective and subject to a motion to make more certain, if made in time.

3.  *Ejectment—Intervener—Title Derived Pendente Lite, No Defense.*

Where, in an action of ejectment, an intervener was, at his own request, made a party, and his answer sets up a title derived from the defendant, since the commencement of the suit, such answer should be stricken out.

4.  *Pleading and Practice—Motion for New Trial Lost if Not Acted Upon.*

Where a party to an action against whom a judgment is rendered files a motion for a new trial, but permits the term to expire without action thereon, such motion has no standing, and there is nothing for the appellate court to review.

Appeal from the United States court for the Northern district.

William M. Springer, Judge.

Action by Katy Martin, for herself and her two minor children and others, against Charles Merrill, defendant, and John Weaver, intervener. Judgment for plaintiffs. Defendant and intervener appeal. Affirmed.

On January 18, 1896, appellee Kate Martin, for herself and as next friend for her two minor children, filed a suit in ejectment against the appellant Charles Merrill to recover possession of the premises named in the complaint. On February 8, 1896, defendant Merrill filed his answer to the complaint, which, however, was not verified by him. On October 7, 1897, the appellant John Weaver filed a petition to be allowed to intervene as a party defendant, setting up in his petition that he was the owner and entitled to the possession of the premises sued for. On February 11, 1899, plaintiff filed a motion to strike defendant Charles Merrill's answer from the files. The motion is as follows: "Comes now the plaintiff Kate Martin, and moves the court to strike from the files the answer of the defendant Charles Merrill, for the reason that said answer was not verified as required by law, and for the further reason that said defendant has failed to file copy of bill of sale relied upon as required by law." This motion was sustained, the answer was stricken from the files, and a judgment by default was entered of record against defendant Charles Merrill for possession of the premises. No damages were awarded to plaintiff. Thereafter, but on the same day, the prayer of the petition of Weaver to be made a party defendant was sustained, and plaintiffs were granted leave to file an amended complaint which, on February 20, 1899, they did. On March 30, 1899, defendant Weaver filed a demurrer and answer to the amended complaint. This answer disclosed the fact that the defendant Weaver's claim of title rested solely on a purchase made by him from the defendant Merrill, after the commencement of this suit. The plaintiffs, therefore, on the same day, filed their motion to strike out all pleadings of Weaver and his name from the files as a party defendant,

because, by his pleading, he was shown to have been a purchaser pendente lite. This motion was sustained, and the ruling of the court excepted to. On February 16, 1899, Weaver filed a motion for new trial, and on April 21, 1899, he filed an amended motion for new trial. These motions were not passed upon by the court. At the next October term of the court, to wit, on October 30, 1899, both defendants filed their motion to set aside the judgment by default against defendant Merrill, which was by the court overruled and exceptions duly saved, and an appeal to this court regularly taken.

*W. S Stanfield* and *John B. Turner*, for appellants.

*Preston S. Davis,* for appellees.

CLAYTON, J. The defendant Charles Merrill, after his answer was stricken from the files, made no further appearance in the suit, permitted judgment by default to go against him. and saved no exceptions until, at a subsequent term, he moved to have the judgment by default set aside on the ground that the complaint is insufficient to support a judgment by default. The complaint avers a legal estate in the plaintiffs, and that they are entitled to possession, and that defendant Merrill is in unlawful possession of the premises. No deeds or other muniments of title are filed with the complaint. That the complaint is not as specific and certain as it should be in this particular is evident; but the defendant Merrill, without any motion to make it more certain and specific, filed an answer to it, and when his answer was stricken from the files refused to further plead, and permitted judgment by default to go against him. He pointed out no defect in the complaint, and made no objections and took no exceptions to any of the proceedings in the case. When a complaint fails to state a fact which is essential to the cause of action, objection to it should be taken by demurrer. If it states the necessary facts in a defective, uncertain manner, objection to it should be made

by motion to make it more specific. Fagg vs Martin, 53 Ark. 453, 14 S. W. 647; Ball vs Fulton Co., 31 Ark. 379; Bushey vs Reynolds, Id. 657; Henry vs Blackburn, 32 Ark. 445. As before stated, the complaint in this case alleges that plaintiffs have a legal estate in, and are entitled to possession of, the premises, and that the defendant is unlawfully in possession of the same. If these facts should be proven, the plaintiffs would be entitled to recover; hence the complaint was good as against a demurrer. Had the defendant filed his motion to make the complaint more specific, and had this motion been overruled, the action of the court would unquestionably have been erroneous; but this was not done. The complaint seems to have been specific enough for the defendant, for he filed his answer without objecting to it. After judgment, and the termination of the term, it was too late to take advantage of this imperfection of the complaint.

But objection is made that no copies of the deeds or evidences of title on which plaintiffs relied for the maintenance of their suit were filed with the complaint, as provided by section 2632, Mansf. Dig. (section 1916, Ind. T. Ann. St. 1899). This provision of the statute was intended for the benefit of the defendant, and may be waived by him; and in all cases where the defendant appears and answers and proceeds to trial, or, after answer may have been stricken out, permits judgment by default to be entered against him, without objection to the complaint, it is a waiver of the requirement of the aforesaid statute, and after judgment and the expiration of the term the defendant cannot be heard to object, and it is beyond the power of the court to set aside the judgment for that cause alone; and therefore the court below did not err in refusing to set aside the judgment by default as to the defendant Merrill.

After the judgment against Merrill had been taken, the court permitted Weaver, the intervener, to file an answer. This answer disclosed the fact that the intervener

had purchased the premises in controversy, after the beginning of this suit, of the defendant Merrill, and when this fact appeared the court very properly struck his answer from the files, and dismissed him from the suit, and this was a final judgment against him. The motion for a new trial, tendering an amended answer, afterwards filed by the intervener, was never passed upon by the court. The intervener, having permitted the term to expire without procuring the action of the court upon his motion for a new trial, has no standing before this court. The trial court adjourned without acting on the motion for a new trial, leaving the court with nothing to review as to the intervener. Kearney vs Moose, 37 Ark. 37. The judgment of the court below is affirmed.

TOWNSEND, C. J., and GILL and RAYMOND, JJ., concur.