## LEFORCE *et al.* v. HAYMES.

No. 237.    Opinion Filed November 9, 1909.

(105 Pac. 644.)

1. **JUDGMENT—Vacation — Application — Statement of Defense.** When a judgment or order is sought to be vacated or modified under either of subdivisions 4, 5, 6, 7, 8, 9, sec. 4760 (chapter 66, art. 22, sec. 562), Wilson's Rev. & Ann. St. 1903, by petition, etc., the defense on the part of the defendant so applying must be affirmatively alleged therein.

   (a)  Where the judgment or order is sought to be vacated or modified under the provisions of subdivision 3 of said section, an affirmative averment as to the defense is not required.

2   **APPEAL AND ERROR—Petition—Default Judgment—Failure to State Cause of Action.** After judgment has been rendered on default in effect **nil dicit,** and no objection made to the petition that it does not state facts sufficient to constitute a cause of action, when it appears that it states only conclusions of law,

the same will on review in this court be held insufficient to support a judgment by default.

(a) Upon a petition in error to reverse a judgment by default, such defects in the petition as could have been taken advantage of before judgment by general demurrer may be brought under review, and, if the allegations of the petition are insufficient to sustain the judgment, the same will be reversed.

3. COURTS—Indian Territory—Special Verdict—Amendment by Court—Time to Amend. Under the practice prevailing in the Indian Territory prior to the admission of the state, when judgment was rendered on the verdict and a motion for a new trial filed within due time. unless it was disposed of before the expiration of the term, such judgment became final.

(a) But where the jury returned a special verdict, and judgment by the court was not ordered thereon, but a motion to amend the same having been filed in due time, and by agreement it was continued until the next term of court, the issues were not finally determined therein until said motion was finally disposed of and judgment on said special verdict ordered by the court.

(b) If there was error committed by the court in ordering judgment on such special verdict, the proper remedy for correction was by an appeal therefrom, and could not be reached. by direct attack on the ground that it was void.

(Syllabus by the Court.)

*Error from District Court, Craig County; J. H.. King, Special Judge.*

Action by J. A. Leforce and others against R. L. Haymes. From an order setting aside a judgment in favor of plaintiffs on special verdict and rendering judgment for defendant, plaintiffs bring error. Reversed, with instructions.

On the 20th day of February, 1904, plaintiffs in error, J. A. Leforce *pro se,* Flossie, Lottie, and Rachel, *pro ami,* J. A. Leforce, as plaintiffs filed in the United States Commissioner's Court for the Northern District at Vinita an affidavit to enforce a landlord's lien in the sum of $134.20, with the rental contracts upon which said lien was based thereto attached. On the 9th day of March, 1904, the defendant in error, as defendant, filed a controverting affidavit and answer thereto denying that he was indebted to the plaintiff in the sum of $134.20 or any other sum, but admitting that he rented the premises as alleged by plaintiff,

and that the rent therefor was due January 1, 1904, and that he produced on said farm a crop of corn in the year 1903, consisting of about 150 bushels, but denied that plaintiff had any lien thereon for rents, etc., and further alleged payment and pleaded a set-off in the sum of $48, at the same time admitting that he owed the plaintiff the sum of $23.10 for a cook stove, $16 for wheat, $3 for shucking corn, and $3 for the use of a cultivator, making a total of $45.10, and further claimed damages in the sum of $50 by reason of being deprived of the use of said property, and the further sum of $85 for corn destroyed and $30 for hay likewise destroyed under said attachment.    Then follows a prayer for judgment in the sum of $144.35.    Replying to the set-off, a counterclaim was filed in due time.    Judgment was rendered in said Commissioner's Court in favor of plaintiff in the sum of $2.90.

Plaintiff in due time prosecuted his appeal to the United States Court at Vinita.    On the 26th day of October, 1906, the cause was tried in said court to a jury; the following special verdict being returned:

"We, the jury, duly impaneled and sworn in the above-entitled cause, do find from the law and the evidence:    (1) That the defendant at the time of the issuance of the writ of attachment in this action was, and now is, indebted to the plaintiffs upon the notes and rental contract in the sum of $28.60, with interest at the rate of 8 per cent. from January 1, 1904, to date. (2) That the value of the property taken under the writ of attachment at the time it was taken was $82.50.    (3) That the defendant was actually damaged by the wrongful suing of the attachment in this case in the sum of $——.    (4) That the plaintiff is now, including the amount found in finding 2, but not any amount stated in findings 1 or 3, indebted to the defendant in the sum of $55.40, with interest at the rate of 6 per cent. from February 22, 1906."

On October 27, 1906, plaintiffs filed in court their motion to correct the said verdict and for judgment for plaintiffs, the body of which is *in haec verba:*

"(1) The plaintiff moves the court to amend the verdict rendered in the case by striking therefrom the finding under

section 4 of said verdict. (2) The plaintiff moves the court to render judgment upon finding 1 of said verdict in favor of the plaintiff and against the defendant for the sum of $28.60 and interest, the amount therein found due plaintiff. And as reasons therefor plaintiff states that the finding 4 is not supported by any evidence, and is contrary to law, and is in conflict with the verdict upon the debt for which the attachment lien was predicated, and is contrary to the other finding in the verdict as set forth in section 3."

No action was taken by the court either sustaining or discharging the attachment. Said motion being not acted upon, on January 19, 1907, and no judgment having been entered on said verdict, by agreement, the same was continued for the term. At the time the state government was organized it was still undetermined. Thereafter, on the 3d day of January, 1908, the court entered an order, in part, as follows:

"And it appearing to the court from the record and files in this cause that the said verdict is erroneous and should be amended as prayed for by plaintiff, and the court being advised in the premises, the motion of plaintiff to amend said verdict is hereby sustained, and the verdict is hereby amended by striking therefrom the fourth paragraph thereof. And it further appearing to the court that the said verdict as amended finds the issues in favor of plaintiff in the sum of $28.60 and it further appearing to the court that the property attached was destroyed by fire before the trial of this cause so that there is no property now in the hands of the court out of which to make said debt, and the court being advised in the premises, it is therefore considered, ordered, and adjudged by this court that the attachment therein be sustained, that the plaintiff recover of and from the defendant herein the sum of $28.60, together with his costs herein expended taxed at $——, and that execution thereof be awarded."

And thereafter. at a different term. of court, to wit, on the 8th day of April, 1908, defendant filed a petition to vacate said judgment "upon the following grounds, and for the following reasons * * * :

"(1) For irregularity on the part of the plaintiffs and their attorney, Geo. E. McCulloch, in obtaining said judgment. (2) For fraud practiced by the plaintiffs and their said attorney in
Vol. 25—13

obtaining said judgment. (3) For unavoidable casualty and misfortune, preventing the defendant and his attorney of record in this cause from being present and defending and resisting the granting of this judgment on the date mentioned in same. (4) For taking said judgment upon the warrant of the attorney for the plaintiffs for more than was due to the plaintiffs, when the defendant nor his attorney of record herein was not summoned or otherwise legally notified of the time and place of taking such judgment. (5) This court was without jurisdiction or power to render said judgment herein for the plaintiffs and to hear the facts and the law to correct any errors in said verdict."

The following acceptance of service, etc., was made by the plaintiff's attorney:

"Issuance and service of summons upon the plaintiffs and time is hereby expressly waived, and it is agreed that this petition may be heard before the court at Vinita on Wednesday, April 8,1908."

On the 9th day of April, 1908, the district court for Craig county heard the said petition and the argument of counsel, and rendered judgment, *nil dicit,* in part as follows, to wit:

"Now therefore it is hereby ordered, considered, and adjudged by the court: That the said petition to vacate and annul the judgment complained of and for a judgment on the verdict in favor of the defendant as prayed for be, and the same is hereby, fully sustained, and said judgment is hereby fully annulled, canceled, and forever vacated, and the defendant is given judgment against the plaintiffs in the sum of $58.40, together with 6 per cent. interest thereon from and after February 22, 1906, until paid; said judgment by order *nunc pro tunc* to be of October 26, 1906. That the plaintiffs are allowed their exceptions and given 30 days to offer amendments and suggestion. The plaintiffs are allowed 5 days to submit same to court for allowment, and execution is stayed 50 days until plaintiff can prepare case-made as herein mentioned and set forth."

An appeal was prosecuted from such judgment.

*Geo. E. McCulloch,* for plaintiffs in error.—Citing: *Hockaday v. Jones,* 8 Okla. 156; *Maxwell v. Kirkpatrick,* 25 Kan. 10; *Benton v. Holliday,* 44 Ark. 56; *Masterson v. Howard,* 18 Wall. 19; *State v. Webb,* 53 Kan. 464; *Woodruff v. Webb,* 32 Ark. 612.

WILLIAMS, J. (after stating the facts as above).   Section 4760 (chapter 66, art. 22, § 562), Wilson's Rev. & Ann. St. 1903, provides nine different grounds upon which the district court may vacate or modify its judgments or orders after the term at which the judgment or order was made.   Section 4762 (chapter 66, art. 22, § 564), Wilson's Rev. & Ann. St. 1903, provides that the proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions 4, 5, 6, 7, 8, and 9 of said section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. The second, third, and fourth grounds alleged in the petition of the defendant in error (defendant below) are based on the fourth, seventh, and ninth subdivisions of section 4760, *supra*.   No defense thereto is set up in the petition.   That is necessary. *Mosley, Adm'r, v. Southern Mfg. Co.*, 4 Okla. 492, 46 Pac. 508.   The same rule applies where the proceeding is in equity and not by virtue of the statute.   *Hockaday et al. v. Jones*, 8 Okla. 156, 56 Pac. 1054.

Further, as to the first allegation, "for irregularity on the part of plaintiffs and their attorney, George E. McCulloch, in obtaining said judgment," this is evidently based on subdivision 3 of section 4760, *supra*, and was not traversed. Neither was any motion to make more definite and certain or demurrer thereto filed.   The question arises as to whether or not this allegation will sustain the judgment rendered by default.   In the case of *Ladd v. Nystol*, 63 Kan. 23, 64 Pac. 985, Mr. Chief Justice Doster, in speaking for the court, said:

"It will be observed that the last two of the above-quoted allegations of fraud were of the most general character.   No specific facts and circumstances were stated in them, and therefore no issue was presented by such parts of the petition.   The decisions are full to the effect that general averments of fraud and illegality, without stating the facts upon which the charges are based, present no issue, and evidence thereunder is not admissible."

In the case of *State ex rel. County Attorney v. Williams*, 39 Kan. 517, 18 Pac. 727, the court said:

"There are other charges of illegality in the petition; but there are no accompanying facts to inform the court in what the illegality consists. Allegations of fraud and illegality, without a statement of the facts constituting the same, are mere legal conclusions and of no force in a pleading. No issue is presented by such averments, and no proof is admissible thereunder."

This case was cited and followed in the case of *Kingman, Pratt & Western Railroad Co. v. Quinn,* 45 Kan. 477, 25 Pac. 1068. See, also: *L. L. & G. R. Co. v. Com'rs of Douglas County,* 18 Kan. 169; *Clark v. Dayton,* 6 Neb. 192; *Pelton v. Bemis,* 44 Ohio St. 51, 4 N. E. 714; *Ockendon v. Barnes et ux.,* 43 Iowa, 615; *M. & C. R. R. Co. v. Neighbors,* 51 Miss. 412; *Smith v. Lockwood,* 13 Barb. (N. Y.) 209; *Dame v. Cochiti Reduction & Improvement Co.,* 13 N. M. 10, 79 Pac. 296; *Farris v. Henderson,* 1 Okla. 384, 33 Pac. 380.

Where a declaration, petition, or complaint is so defective that a general demurrer thereto before, or motion in arrest after, judgment, should be sustained, and judgment is rendered thereon by default, on review in an appellate court, the question of the insufficiency of such pleading to sustain the judgment may be raised. Under the foregoing authorities, the allegations in the first paragraph would have neither been sufficient against a general demurrer or motion in arrest, and will not on appeal here sustain a judgment by default.

As to the fifth ground, that the court was without jurisdiction, etc., it has been held by the Supreme Court of Arkansas that where a judgment has been rendered on the verdict, and a motion for a new trial filed within due time, unless the same is disposed of before the expiration of the term, such judgment becomes final. *Leigh v. Armor,* 35 Ark. 123; *Vallentine v. Holland et al.,* 40 Ark. 338; *Kearney, Assignee, v. Moose et al.,* 37 Ark. 37; *Siloam Springs v. McPhitridge,* 53 Ark. 21, 13 S. W. 137. See, also, to the same effect, *Merrill et al. v. Martin et al.,* 3 Ind. T. 571, 64 S. W. 539. After the expiration of the term, the judgment entered becomes final and can be set aside only in the way and for the reasons provided by sections 2589 and 3360, Ind. T. Ann. St. 1899 (Mansf. Dig. §§ 3909 and

5155), or by proceeding in equity. *Turner v. Vaughan,* 33 Ark. 454; *Johnson v. Campbell,* 52 Ark. 316, 12 S. W. 578; *State National Bank v. Neel,* 53 Ark. 110, 13 S. W. 700, 22 Am. St. Rep. 185.

But it is insisted by the plaintiff in error that section 3382, Ind. T. Ann. St. 1899 (Mansf. Dig. § 5177), which provides that, when a trial by jury has been had, judgment must be entered by the clerk in conformity with the verdict, unless it is special, or the court reserves the question for advice, argument, and consideration. Section 3383, Ind. T. Ann. St. 1899 (Mansf. Dig. § 5178), provides that where the verdict is special, or where there has been a special finding on particular questions of fact, or where the court has ordered the case to be reserved, it shall order what judgment shall be entered.

In this case a motion was filed by the plaintiff (plaintiff in error here) that the verdict be amended by striking therefrom finding 4, and that judgment be rendered upon finding 1 of the special verdict. This motion was not acted upon at the term, but was continued by agreement until the next term. The province of the verdict is to declare the facts upon which the judgment of the court is to be predicated. *Gray v. Phillips,* 1 Morris (Iowa) 430; *May v. Taylor,* 22 Tex. 349; *Darden v. Matthews,* 22 Tex. 324. The special verdict is one in which the jury state the naked facts as they find them to be proved, and return such finding to the court for its judgment thereon as to the law. 29 Amer. & Eng. Enc. of Law (2d Ed.) p. 1028. In the case of *First National Bank of Sturgis v. Peck et al.,* 8 Kan. 661 (2d. Ed. 445), Mr. Justice Brewer, in speaking for the court, said:

"What is a special verdict? Under our statute the jury can be called upon to respond in three ways: By a general verdict, by a special verdict, and by returning answers to particular questions of fact. True, this latter mode of interrogating the jury can be resorted to only in conjunction with the first: but it is nevertheless a distinct mode. A general verdict embraces both the law and the facts. It states the result of the whole controversy. It determines the ultimate rights of the parties. True, the jury receive the law in the instructions of the court; but

they apply the law to the facts, and, having combined the two, declare the result."

Under the practice that was in force in the Indian Territory prior to the organization of the state, the verdict of the jury could be either general or special. Section 355, Ind. T. Ann. St. 1899 (section 5140, Mansf. Dig.). Until judgment was rendered by the court on the special verdict, the issues in that action had not been determined. Section 3368, Ind. T. Ann. St. 1899 (section 5163, Mansf. Dig.). And we reach the conclusion that, said action not having been finally determined until judgment had been entered upon the verdict by order of the court, the continuance of the motion to amend the verdict until the next term was valid, and that the court had jurisdiction at the following term to enter judgment upon said special verdict. In this conclusion we seem to be supported by the case of *Siloam Springs v. McPhitridge,* 53 Ark. 21, 13 S. W. 137, wherein it is said:.

"Its judgment upon the verdict convicting McPhitridge became final at the end of the fall term, and the pendency of the motion for new trial and in arrest and the order suspending execution of the judgment did not prevent this result. Had the court desired to reserve the matter of the motion for consideration, it should have set aside the judgment at the fall term."

As to whether or not the judgment entered by the district court on the 3d day of January, 1908, upon the special verdict, was proper, that question is not properly before us; no appeal having been prosecuted therefrom.

The judgment of the lower court is reversed, and the cause remanded, with instructions to set aside the judgment entered on the 9th day of April, A. D. 1908, vacating the judgment of January 3, 1908, and to dismiss the petition to vacate, as the pleadings now stand.

All the Justices concur.