## McLAUGHLIN v. STATE.

Opinion delivered September 27, 1915.

1. JUDGMENT—MISTAKE—NEW TRIAL—EQUITY—JURISDICTION.—When a judgment is obtained in a court of law by fraud, accident, or mistake, unmixed with negligence on the part of the party against whom it is rendered, a court of equity has jurisdiction, on a showing of a meritorious defense or cause of action, to compel the party obtaining the judgment to submit to a new trial.

2. JUDGMENTS—MISTAKE—CRIMINAL LAW—EQUITABLE RELIEF.—Defendant was convicted of the crime of rape. Held, in a proceeding brought in chancery to compel the State to submit to a new trial of the cause, that defendant did not disclose any error in the record that would have justified the court of chancery in restraining the judgment of the law court, and in compelling the State to submit to a new trial.

Appeal from Franklin Chancery Court; *T. H. Humphreys,* Chancellor on Exchange; affirmed.

### STATEMENT BY THE COURT.

This is an appeal from the decree of the Franklin Chancery Court dismissing for want of equity the complaint of appellant filed in that court against the appellees, the prosecuting attorney of the Fifteenth Judicial Circuit and the Superintendent of the State Penitentiary. By this suit the appellant sought to have the State, through its prosecuting attorney, submit to a new trial of appellant's case and to restrain the execution of

the judgment of the Franklin Circuit Court pronouncing a sentence of death against appellant.

Among other things, the appellant alleges that he was not guilty of the crime of rape of which he was convicted in the Franklin Circuit Court, and for which he was sentenced to be electrocuted. He alleges that the verdict and judgment of that court were contrary to law and the evidence; that he had appealed from the judgment and was allowed thirty days to file his bill of exceptions; that the bill of exceptions would have shown errors in the rulings of the trial court in overruling his motion for a new trial which would have entitled him, on appeal to the Supreme Court, to a reversal of the judgment and a new trial of his case in the circuit court. He further alleged that the bill of exceptions was not filed within the time allowed by the trial court, and sets forth facts (which it is unnecessary to detail) showing that the failure to file the bill of exceptions within the time allowed was not on account of any negligence legally attributable to appellant, but that it was through the carelessness or negligence of those for whose conduct appellant was in nowise responsible, and that by reason of the fault and carelessness of others appellant was denied, on appeal to the Supreme Court, a hearing upon the exceptions which he had reserved at the trial and which, if considered by the Supreme Court, he says would have resulted in a reversal of the judgment and sentence of death against him, and in the granting of a new trial.

The sufficiency of the complaint was challenged by a demurrer and its allegations were put in issue by the answer.

Oral testimony was taken before the court and was reduced to writing, and was embodied in the bill of exceptions signed by the chancellor. There was also tendered with the complaint as an exhibit the bill of exceptions containing the evidence which was adduced on the trial of the cause before the Hon. J. H. Evans, Judge of the Franklin Circuit Court, and the bill of exceptions signed by the chancellor recites that the "plaintiff in-

troduced in evidence the bill of exceptions filed with the complaint herein as a part of the evidence in this cause.''
The bill of exceptions signed by the chancellor further recites ''This is all the testimony introduced on the part of the plaintiff and all of the testimony introduced upon the trial of the cause by either party.''

The chancellor found ''that the said Neal McLaughlin in perfecting and filing his bill of exceptions referred to in the complaint herein did not use such degree of diligence as was demanded so that the failure to obtain the filing thereof within the time decreed by the court in which said action was pending was not without fault of the said Neal McLaughlin in that behalf.''

*John D. Arbuckle* and *J. V. Bourland,* for appellant.

Appellant is not seeking equitable interference or assumption of jurisdiction in a criminal case, or to cause a court of equity to interfere with the administration of the criminal law; but appellant has been deprived of a civil right, without fault upon his part, and there is no remedy at law. Unless he can obtain relief in equity, his injury is irreparable. The chancery court had jurisdiction to interpose in this case and to grant the relief prayed for. 38 Ark. 283; 35 Ark. 123; 40 Ark. 338; *Id.* 551; 48 Ark. 535; 50 Ark. 458; 51 Ark. 341; 57 Ark. 599; 61 Ark. 341; 7 Paige (N. Y.) 583; 62 Fed. 796; 1 Story, Eq. Jur., § 78; 1 Am. & Eng. Enc. of Law, 824; 3 Blackstone, 43; Bishop, Eq., § 174; 1 Pom. Eq. 446; 15 Fla. 396; 1 Ark. 43, 195; 5 Ark. 501; 6 Ark. 84, 360; 11 Ark. 443, 586; 13 Ark. 604; 14 Ark. 36; 25 Ark. 372; article 2, section 13, Const.; High on Injunctions, § 23.

*Wm. L. Moose,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

Before a court of equity would be warranted in granting the relief prayed for, it must be shown (1) that the party asking the relief has not been guilty of negligence, and (2) that he has a meritorious defense to the cause of action. No sufficient diligence was shown in this case, and the chancery court so found. Neither was a meritorious defense shown. As appears by the record

in the law case, this court passed upon all questions apparent upon the face of the record and no exceptions were saved to the giving of instructions, nor to the admission of certain evidence complained of. Therefore, if a new trial were granted, the only question that could be passed upon by this court would be the sufficiency of the evidence to sustain the conviction. 61 Ark. 341, 347; 109 Ark. 138; *Id.* 130. But the chancery court had no jurisdiction.

WOOD, J., (after stating the facts). The attorney general, for appellees, contend that the chancery court was without jurisdiction to grant the relief sought in the complaint, while learned counsel for the appellant, on the other hand, maintain that the chancery court has such jurisdiction, and they have presented an elaborate brief and cited numerous authorities to support their contention. It is also insisted by the attorney general that the chancellor was correct in finding that the failure to file the bill of exceptions within the time allowed by the trial court was on account of the fault of the appellant, while counsel for the appellant strenuously contend that the chancellor erred in so finding. We find it unnecessary to determine either of these questions, for if it be conceded that the chancery court had jurisdiction to grant the relief prayed, and that the chancellor erred in finding that the failure to obtain and file the bill of exceptions within the time allowed by the trial court was because of the fault or carelessness of the appellant, the record on this appeal nevertheless discloses that the decree of the chancery court dismissing appellant's complaint was correct and must be affirmed for another reason, towit: The bill of exceptions made an exhibit to appellant's complaint, which contains a statement of the evidence that was introduced before the chancellor does not show any ground upon which the Supreme Court would have been authorized to reverse the judgment of the trial court had this bill of exceptions been filed within the time allowed by the trial court and had this become a part of the record on appeal to the Supreme Court. This court on the appeal in the case of *McLaughlin* v.

*State,* 120 Ark. 151, did not discover any error on the face of the record.

The present record does not show that the appellant had reserved any exceptions to the rulings of the circuit court in the trial of his case before that court that would have warranted this court in reversing the judgment of the trial court, even if the bill of exceptions had been filed within the time allowed for filing the same. While it is alleged in the complaint that the court erred in its ruling upon certain instructions and that exceptions were saved to the court's ruling in the giving and refusing of instructions, these alleged instructions and rulings were not presented to the chancellor on the hearing of the present cause. Neither the instructions nor the trial court's rulings thereon were in evidence before the chancellor, and are not before us, and it is impossible therefore for us to determine whether or not the circuit court made any erroneous rulings at the trial which resulted in appellant's conviction of the crime of rape.

Counsel for appellant strenuously urge that the evidence as contained in the original bill of exceptions, and which was made a part of the evidence in the hearing of the present case before the chancellor, failed to sustain the verdict of the jury and that a new trial should have been granted on account of the insufficiency of the evidence.

We have carefully read the testimony as set forth in the original bill of exceptions contained in this record and we are of the opinion that if this testimony had been in the record on the appeal from the judgment of the circuit court, and if the record on that appeal had shown that an exception had been properly taken to the ruling of the court in refusing to grant appellant's motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict, still this court would not have reversed such ruling of the trial court. The evidence, in other words, that was taken in the trial of appellant before the circuit court is amply sufficient to sustain the verdict of the jury. It is unnecessary to set out and discuss this evidence in detail. The testimony of the

prosecutrix at the trial before the circuit court showed that she met appellant on the path that she was travelling through the woods while returning from church to the place where she was then stopping and that he threw her upon the ground and had sexual intercourse with her, forcibly and against her will. She positively identified appellant as the one who had had such intercourse with her and detailed the circumstances at the time and immediately thereafter, all in such manner as to convince the jury of appellant's guilt.

It was peculiarly within the province of the jury to pass upon the issue of fact. It was their province to weigh the credibility of the witnesses. In testing the sufficiency of the evidence here it is only necessary that there should be some substantial evidence upon which to base the verdict. This is the unvarying rule of this court. *Easley* v. *State,* 109 Ark. 130. This record shows evidence of a substantial character in support of the verdict. The appellant therefore did not disclose to the chancery court that he had any grounds to justify that court in granting the relief sought in his complaint.

As early as *Leigh* v. *Armor,* 35 Ark. 123, we said: "It is well settled that when a judgment is obtained in a court of law by fraud, accident or mistake, unmixed with negligence on the part of the party against whom it is rendered, a court of equity has jurisdiction, on a showing of a meritorious defense or cause of action, to compel the party obtaining the judgment to submit to a new trial. But it is agreed that this power should be exercised with great caution, and the application of the doctrine is generally restricted, and is confined to cases which present peculiar circumstances, under the maxim that there must be an end to litigation." See, also, *Kansas & Ark. Valley Rd. Co.* v. *Fitzhugh,* 61 Ark. 341-347.

The above principles apply here. Appellant did not disclose any error in this record that would have justified the court of chancery (conceding that it had jurisdiction) in restraining the judgment of the law court and in compelling the State to submit to a new trial.

The decree is therefore correct and is affirmed.