ROAD IMPROVEMENT DISTRICT No. 4 v. MOBLEY.

Opinion delivered December 11, 1922.

1. JUDGMENT—RELIEF AGAINST IN EQUITY—UNAVOIDABLE CASUALTY.—Courts of equity will relieve against unwarranted or unconscionable judgments obtained in a court of law by compelling the party who obtained the judgment to submit to a new trial if

the injured party lost his right of appeal through an unavoidable casualty.

2. JUDGMENT—RELIEF AGAINST IN EQUITY—UNAVOIDABLE CASUALTY. —The right to an appeal was not lost by "unavoidable casualty" where the court stenographer repeatedly promised to transcribe his notes in time, but, through neglect or forgetfulness, failed to do so in time to prepare the bill of exceptions.

Appeal from Prairie Chancery Court, Northern District; *John M. Elliott,* Chancellor; affirmed.

*Emmett Vaughan* and *Brundidge & Neelly,* for appellants.

The complaint was sufficient for equitable relief from the judgment. 15 R. C. L. 730, 743; 7 Cranch 362; 61 Ark. 341; 61 Ark. 354.

*Epps Brown* and *J. H. Carmichael,* for appellees.

The appellant might have filed a skeleton bill of exceptions and asked for time. Their negligence or the negligence of a subordinate officer of the court would bar the relief asked. 35 Ark. 123; 61 Ark. 341; 52 Am. Dec. 501; 47 Am. Dec. 621. The question as to whether there are sufficient grounds to vacate the judgment must be decided first. 99 Ark. 372; sec. 4435, Kirby's Digest. The question as to whether or not there was a good defense to the action in the circuit court cannot be decided in the absence of a complete record.

HUMPHREYS, J. This is an appeal from a decree of the Prairie Chancery Court sustaining a demurrer to, and dismissing, appellant's bill seeking to review the proceedings and obtain a new trial in a case in the circuit court, wherein appellees obtained a judgment for $11,645 against appellant. The bill, in substance, alleged that said judgment was obtained in the circuit court, upon the theory that appellant had breached a contract, entered into between it and appellees, for building certain sections of a highway in Road Improvement District No. 4, in said county, whereas no breach of the contract was either alleged or proved; and also that appellant was deprived of its right of appeal by the failure of W. H.

Prince, the court stenographer, who took the evidence in the circuit court, to transcribe his shorthand notes within 120 days after the rendition of the judgment, the time allowed it to prepare and file a bill of exceptions in the case. All the pleadings in the suit in the circuit court, and the letters written to the stenographer by the attorneys for appellant and received by them from him, relative to transcribing his notes, were attached as exhibits to the bill. The testimony in the case in the circuit court was not transcribed and embraced in the bill, or made a part of and attached to it as an exhibit, but the bill requested that said stenographer be required to transcribe his notes and furnish the testimony to the chancery court, to the end that the proceedings in the circuit court might be received. Under our view of the first question involved on this appeal, we deem it unnecessary to set out the pleadings and exhibits thereto in the suit in the circuit court. Relative to the failure of the stenographer to transcribe his notes, the bill contains the following allegation: ''Prince, as court stenographer, up until the very day of the expiration of the time for filing said bill of exceptions, promised appellant and its attorneys that said bill of exceptions would be prepared in ample time and filed; that on the date that the time expired for filing of same, said Prince called the attorneys for the appellant and advised them that he had been mistaken as to the time limit of filing said bill of exceptions and was unable to prepare and file same; that appellant was deprived of its right of appeal in said cause by reason of the promises of said stenographer, which it relied upon and believed, and through no fault or carelessness of it or its attorneys.'' The correspondence between the attorneys for appellant and the stenographer shows that said attorneys from time to time, during the 120 days period allowed for preparing and filing the bill of exceptions, requested and urged the stenographer to transcribe his notes, and that the stenographer assured them, until the day the time expired, that he would do so.

The first question to be determined, and the turning point in the case, is whether appellant was deprived of its right to appeal from the judgment rendered against it in the circuit court on account of an unavoidable casualty. This court has laid down the rule, that courts of equity will relieve against unwarranted or unconscionable judgments obtained in a court of law by compelling the party who obtained the judgment to submit to a new trial, if the injured party lost his right of appeal through an unavoidable casualty. *Leigh* v. *Armor,* 35 Ark. 123; *Kansas & Arkansas Valley Rd. Co.* v. *Fitzhugh,* 61 Ark. 341. The reason of the rule is that equity will always afford a remedy, if none exists at law, to one who has been diligent and has a meritorious cause of action or defense. We do not think the failure of appellant to prepare and file its bill of exceptions in the law case was due to an unavoidable casualty. The time of 120 days was given to appellant, not to the stenographer. The stenographer's forgetfulness as to the date of the rendition of the judgment, or his neglect to transcribe his notes, is in no sense an unavoidable casualty. Death or sickness of the stenographer, under certain circumstances, might be so regarded. Diligence on the part of appellant required that he ascertain the progress being made by the stenographer in the preparation of the evidence, and not rely alone upon the promises made by the stenographer that he would transcribe his notes before the time expired. According to the correspondence, the evidence was lengthy, and it was appellant's duty to see to it that the stenographer began in time to complete the work, and that he did complete it, before the expiration of the time allowed for preparing and filing the bill of exceptions. A rule of diligence, to govern losing parties in lawsuits, should not be laid down which might result in new trials being granted and judgments enjoined on account of the negligence or forgetfulness of court stenographers.

The decree is affirmed.

Justices HART and SMITH dissent.